928422

BK 472 PG 187

**TRUSTEE'S DEED**

**IN TRUST**

THE ABOVE SPACE FOR RECORDER'S USE ONLY

THIS INDENTURE, made this    12th  day of    August    , 1992 , between CHICAGO
TITLE AND TRUST COMPANY, a corporation of Illinois, as Trustee under the provisions of a deed
or deeds in trust, duly recorded and delivered to said company in pursuance of a trust agreement dated
the    14th    day of    April    , 19 92 , and known as Trust Number  1097435
party of the first part, and  CHICAGO TITLE AND TRUST COMPANY, AS TRUSTEE, UNDER TRUST
AGREEMENT DATED AUGUST 12, 1992 AND KNOWN AS TRUST NUMBER 1096552, whose address
is: 111 W. WASHINGTON STREET, CHICAGO, IL 60602    party of the second part.
WITNESSETH, That said party of the first part, in consideration of the sum of TEN AND 00/100------
--------------------------------------------------------------------------DOLLARS,
and other good and valuable considerations in hand paid, does hereby convey and quitclaim unto said
party of the second part, the following described real estate, situated in  KENDALL
County, Illinois, to-wit:

(SEE RIDER ATTACHED HERETO FOR LEGAL DESCRIPTION)

FILED FOR RECORD
KENDALL COUNTY, ILL.
DOC. #
2:55 PM
SEP 03 1992

RECORDER OF DEEDS

together with the tenements and appurtenances thereunto belonging.
TO HAVE AND TO HOLD the same unto said party of the second part, and to the proper use, benefit and behoof forever of said party
of the second part.

THIS CONVEYANCE IS MADE PURSUANT TO DIRECTION AND WITH AUTHORITY TO
CONVEY DIRECTLY TO THE TRUST GRANTEE NAMED HEREIN.  THE POWERS AND
AUTHORITY CONFERRED UPON SAID TRUST GRANTEE ARE RECITED ON THE REVERSE
SIDE HEREOF AND INCORPORATED HEREIN BY REFERENCE.

This deed is executed pursuant to and in the exercise of the power and authority granted to and vested in said trustee by the terms of
said deed or deeds in trust delivered to said trustee in pursuance of the trust agreement above mentioned. This deed is made subject to
the lien of every trust deed or mortgage (if any there be) of record in said county given to secure the payment of money, and remaining
unreleased at the date of the delivery hereof.
IN WITNESS WHEREOF, said party of the first part has caused its corporate seal to be hereto affixed, and has caused its name to be
signed to these presents by its Assistant Vice President and attested by its Assistant Secretary, the day and year first above written.

CHICAGO TITLE AND TRUST COMPANY As Trustee as aforesaid,

By                                        Assistant Vice-President

Attest                                        Assistant Secretary

STATE OF ILLINOIS,
COUNTY OF COOK    } SS.    I, the undersigned, a Notary Public in and for the County and State aforesaid, DO HEREBY CERTIFY,
that the above named Assistant Vice President and Assistant Secretary of the CHICAGO TITLE AND
TRUST COMPANY, Grantor, personally known to me to be the same persons whose names are subscribed
to the foregoing instrument as such Assistant Vice President and Assistant Secretary respectively, appeared
before me this day in person and acknowledged that they signed and delivered the said instrument as their
own free and voluntary act and as the free and voluntary act of said Company for the uses and purposes
therein set forth; and the said Assistant Secretary then and there acknowledged that said Assistant Secretary,
as custodian of the corporate seal of said Company, caused the corporate seal of said Company to be affixed
to said instrument as said Assistant Secretary's own free and voluntary act and as the free and voluntary
act of said Company for the uses and purposes therein set forth.

"OFFICIAL SEAL"
Lynda S. Barrie
Notary Public, State of Illinois
My Commission Expires 4/2/94

Given under my hand and Notarial Seal    AUGUST 25, 1992
Date

Notary Public

D  NAME   Mail Tax Bills to:
E
L  STREET
I
V  CITY
E
R            OR
Y
INSTRUCTIONS

FOR INFORMATION ONLY
INSERT STREET ADDRESS OF ABOVE
DESCRIBED PROPERTY HERE

THIS INSTRUMENT WAS PREPARED BY:

RECORDER'S OFFICE BOX NUMBER

F. 154 (R. 2/77)  TRUSTEE'S DEED (Recorder's) - Non-Joint Tenancy

**EXHIBIT A**

BK 4 7 2 PG 188

TO HAVE AND TO HOLD the said premises with the appurtenances upon the trusts and for the uses and purposes herein and in said trust agreement set forth.

Full power and authority is hereby granted to said trustee to improve, manage, protect and subdivide said premises or any part thereof, to dedicate parks, streets, highways or alleys and to vacate any subdivision or part thereof, and to resubdivide said property as often as desired, to contract to sell, to grant options to purchase, to sell on any terms, to convey either with or without consideration, to convey said premises or any part thereof to a successor or successors in trust and to grant to such successor or successors in trust all of the title, estate, powers and authorities vested in said trustee, to donate, to dedicate, to mortgage, pledge or otherwise encumber said property, or any part thereof, to lease said property, or any part thereof, from time to time, in possession or reversion, by leases to commence in praesenti or futuro, and upon any terms and for any period or periods of time, not exceeding in the case of any single demise the term of 198 years, and to renew or extend leases upon any terms and for any period or periods of time and to amend, change or modify leases and the terms and provisions thereof at any time or times hereafter, to contract to make leases and to grant options to lease and options to renew leases and options to purchase the whole or any part of the reversion and to contract respecting the manner of fixing the amount of present or future rentals, to partition or to exchange said property, or any part thereof, for other real or personal property, to grant easements or charges of any kind, to release, convey or assign any right, title or interest in or about or easement appurtenant to said premises or any part thereof, and to deal with said property and every part thereof in all other ways and for such other considerations as it would be lawful for any person owning the same to deal with the same, whether similar to or different from the ways above specified, at any time or times hereafter.

In no case shall any party dealing with said trustee in relation to said premises, or to whom said premises or any part thereof shall be conveyed, contracted to be sold, leased or mortgaged by said trustee, be obliged to see to the application of any purchase money, rent, or money borrowed or advanced on said premises, or be obliged to see that the terms of this trust have been complied with, or be obliged to inquire into the necessity or expediency of any act of said trustee, or be obliged or privileged to inquire into any of the terms of said trust agreement; and every deed, trust deed, mortgage, lease or other instrument executed by said trustee in relation to said real estate shall be conclusive evidence in favor of every person relying upon or claiming under any such conveyance, lease or other instrument, (a) that at the time of the delivery thereof the trust created by this indenture and by said trust agreement was in full force and effect, (b) that such conveyance or other instrument was executed in accordance with the trusts, conditions and limitations contained in this indenture and in said trust agreement or in some amendment thereof and binding upon all beneficiaries thereunder, (c) that said trustee was duly authorized and empowered to execute and deliver every such deed, trust deed, lease, mortgage or other instrument and (d) if the conveyance is made to a successor or successors in trust, that such successor or successors in trust have been properly appointed and are fully vested with all the title, estate, rights, powers, authorities, duties and obligations of its, his or their predecessor in trust.

The interest of each and every beneficiary hereunder and of all persons claiming under them or any of them shall be only in the earnings, avails and proceeds arising from the sale or other disposition of said real estate, and such interest is hereby declared to be personal property, and no beneficiary hereunder shall have any title or interest, legal or equitable, in or to said real estate as such, but only an interest in the earnings, avails and proceeds thereof as aforesaid.

If the title to any of the above lands is now or hereafter registered, the Registrar of Titles is hereby directed not to register or note in the certificate of title or duplicate thereof, or memorial, the words "in trust", or "upon condition", or "with limitations", or words of similar import, in accordance with the statute in such case made and provided.

BK 4 7 2 PG 189

A parcel of land located in the Southwest Quarter (SW1/4) of
Section Twenty-eight (28) and the Southeast Quarter (SE 1/4) of
Section Twenty-Nine (29), all in Township Thirty-five (35) North,
Range Seven (7) East of the Third Principal Meridian, County of
Kendall, and State of Illinois, described as follows:

Commencing at the southwest corner of Section 28, Township 35
North, Range 7 East of the Third Principal Meridian;

Thence South 89° 50' 28" East along the south line of said Section
28 for a distance of 363.66 feet to the POINT OF BEGINNING;

Thence North 00° 50' 30" East for a distance of 825.00 feet;

Thence North 89° 51' 06" West for a distance of 363.66 feet to a
point which falls on the west line of said Section 28;

Thence South 89° 51' 54"  West for a distance of 373.56 feet;

thence North 00° 50' 30" East for a distance of 1791.21 feet to a
point which falls on the center line of Joliet Road;

Thence North 89° 46' 02" East along said center line for a distance
of 373.56 feet to a point which falls on the west line of said
Section 28;

Thence South 89° 56' 09" East continuing along said center line for
a distance of 363.66 feet;

Thence North 00° 50' 30" East for a distance of 40.54 feet to a
point which falls on the north line of the Southwest Quarter of
said Section 28;

Thence South 89° 41' 46" East along said north line for a distance
of 2220.34 feet;

Thence South 00° 51' 18" West for a distance of 2372.73 feet;

Thence North 89° 50' 28" West for a distance of 136.00 feet;

Thence South 00° 51' 18" West for a distance of 280.00 feet to a
point which falls on the south line of said Southwest Quarter;

Thence North 89° 50' 28" West along said south line for a distance
of 2083.78 feet to the point of beginning, ALONG WITH the north
1046.30 feet of the east 33.00 feet to the Southeast Quarter of the
Southwest Quarter of said Section 28, containing 165.560 acres,
more or less.


P.I.N. 08-29-400-002
       08-28-300-002

BK 4 7 2 PG 78

LYNDA RIVERS      - RECORDER OF KANE COUNTY

AFFIDAVIT - PLAT ACT

STATE OF ILLINOIS )
                  )  SS.
COUNTY OF KANE    )

_____ Kathleen J. Bentley _____, being duly

sworn on oath, states that she resides at 1919 Pepper Valley Drive,

_____ Geneva, Il  60134 _____. That the attached deed is

not in violation of Section 1 of Chapter 109 of the Illinois Revised Statutes

for one of the following reasons:

1.  The sale or exchange is of an entire tract of land not being a part of a
    larger tract of land.

2.  The division or subdivision of land is into parcels or tracts of 5 acres or
    more in size which does not involve any new streets or easements of access.

3.  The division is of lots or blocks of less than 1 acre in any recorded
    subdivision which does not involve any new streets or easements of access.

4.  The sale or exchange of parcels of land is between owners of adjoining and
    contiguous land.

5.  The conveyance is of parcels of land or interests therein for use as right-
    of-way for railroads or other public utility facilities, which does not
    involve any new streets or easements of access.

6.  The conveyance is of land owned by a railroad or other public utility which
    does not involve any new streets or easements of access.

7.  The conveyance is of land for highway or other public purpose or grants or
    conveyances relating to the dedication of land for public use or instruments
    relating to the vacation of land impressed with a public use.

8.  The conveyance is made to correct descriptions in prior conveyances.

9.  The sale or exchange is of parcels or tracts of land following the division
    into no more than two parts of a particular parcel or tract of land existing
    on July 17, 1959, and not involving any new streets or easements of access.

10. The sale is of a single lot of less than 5 acres from a larger tract, the
    dimensions and configurations of said larger tract having been determined
    by the dimensions and configuration of said larger tract on October 1, 1973,
    and no sale prior to this sale, or any lot or lots from said larger tract
    having taken place since October 1, 1973, and a survey of said single lot
    having been made by a registered land surveyor.

CIRCLE NUMBER ABOVE WHICH IS APPLICABLE TO ATTACHED DEED.

    AFFIANT further states that she makes this affidavit for the purpose of

inducing the Recorder of Kane County, Illinois, to accept the attached deed for

recording, and that all local requirements applicable to the subdivision of land

are met by the attached deed and the tract described therein.

                                  _Kathleen J. Bentley_

SUBSCRIBED and SWORN to before me this _2_ day of _September_ A.D., 19_92_

                _Cheryl O. Bartelt_
                Notary Public

                ┌─────────────────────────────────┐
                │        "OFFICIAL SEAL"           │
                │      CHERYL O. BARTELT            │
                │  Notary Public, State of Illinois │
                │  My Commission Expires 8/13/95    │
                └─────────────────────────────────┘