Requested By: msc 12/28/2007

BK 6 0 8 PG 225

93/1043

TRUSTEE'S DEED
IN TRUST

THE ABOVE SPACE FOR RECORDER'S USE ONLY

THIS INDENTURE, made this 16th day of JUNE, 1993, between CHICAGO TITLE AND TRUST COMPANY, a corporation of Illinois, as Trustee under the provisions of a deed or deeds in trust, duly recorded and delivered to said company in pursuance of a trust agreement dated the 14th day of APRIL, 1992, and known as Trust Number 1097435, party of the first part, and CHICAGO TITLE AND TRUST COMPANY, AS TRUSTEE, UNDER TRUST AGREEMENT DATED MAY 26, 1993 AND KNWON AS TRUST NUMBER 1099147, whose address is: 171 N. CLARK STREET, CHICAGO, IL 60601-3294 party of the second part. WITNESSETH, That said party of the first part, in consideration of the sum of TEN AND 00/100——————DOLLARS, and other good and valuable considerations in hand paid, does hereby convey and quitclaim unto said party of the second part, the following described real estate, situated in KENDALL County, Illinois, to-wit:

AN UNDIVIDED THIRTY-SEVEN AND ONE-HALF PERCENT (37.5%) INTEREST IN THE ATTACHED PROPERTY LEGALLY DESCRIBED AS FOLLOWS:

(SEE RIDER ATTACHED HERETO FOR LEGAL DESCRIPTION)

PERMANENT INDEX NOS. 08-20-400-002
08-28-100-001
08-29-200-002

FILED FOR RECORD
KENDALL COUNTY ILL
DOC. 93/1043
4:40pm
OCT 20 1993

COUNTY OF KENDALL
REAL ESTATE TRANSFER TAX $ 125.00

THIS CONVEYANCE IS MADE PURSUANT TO DIRECTION AND WITH AUTHORITY TO CONVEY DIRECTLY TO THE TRUST GRANTEE NAMED HEREIN. THE POWERS AND AUTHORITY CONFERRED UPON SAID TRUST GRANTEE ARE RECITED ON THE REVERSE SIDE HEREOF AND INCORPORATED HEREIN BY REFERENCE.

together with the tenements and appurtenances thereunto belonging.
TO HAVE AND TO HOLD the same unto said party of the second part, and to the proper use, benefit and behoof forever of said party of the second part.

This deed is executed pursuant to and in the exercise of the power and authority granted to and vested in said trustee by the terms of said deed or deeds in trust delivered to said trustee in pursuance of the trust agreement above mentioned. This deed is made subject to the lien of every trust deed or mortgage (if any there be) of record in said county given to secure the payment of money, and remaining unreleased at the date of the delivery hereof.

IN WITNESS WHEREOF, said party of the first part has caused its corporate seal to be hereto affixed, and has caused its name to be signed to these presents by its Assistant Vice President and attested by its Assistant Secretary, the day and year first above written.

CHICAGO TITLE AND TRUST COMPANY As Trustee as aforesaid,

By _____ Assistant Vice-President
Attest _____ Assistant Secretary

STATE OF ILLINOIS,
COUNTY OF COOK } SS.

I, the undersigned, a Notary Public in and for the County and State aforesaid, DO HEREBY CERTIFY, that the above named Assistant Vice President and Assistant Secretary of the CHICAGO TITLE AND TRUST COMPANY, Grantor, personally known to me to be the same persons whose names are subscribed to the foregoing instrument as such Assistant Vice President and Assistant Secretary respectively, appeared before me this day in person and acknowledged that they signed and delivered the said instrument as their own free and voluntary act and as the free and voluntary act of said Company for the uses and purposes therein set forth; and the said Assistant Secretary then and there acknowledged that said Assistant Secretary, as custodian of the corporate seal of said Company, caused the corporate seal of said Company to be affixed to said instrument as said Assistant Secretary's own free and voluntary act and as the free and voluntary act of said Company for the uses and purposes therein set forth.

Given under my hand and Notarial Seal SEPTEMBER 29, 1993 Date

_____ Notary Public

"OFFICIAL SEAL"
Marylou Estrada
Notary Public, State of Illinois
My Commission Expires 3/12/95

NAME   Philip W. Sandler, Attorney
STREET 2640 W. Touhy Ave., Suite 11
CITY   Chicago, Illinois 60645

OR

INSTRUCTIONS
RECORDER'S OFFICE BOX NUMBER

FOR INFORMATION ONLY
INSERT STREET ADDRESS OF ABOVE
DESCRIBED PROPERTY HERE

10025 Joliet Road, R.R. #1
Newark, Illinois 60541

THIS INSTRUMENT WAS PREPARED BY:
MELANIE M. HINDS
171 NORTH CLARK STREET
CHICAGO, ILLINOIS 60601-3294

This is a full and complete
copy of original document filed in
my office on 10-20-93
Dated at Yorkville, IL this 28th day of
_____, 20 07.

_____
County Recorder

By _____ Deputy

EXHIBIT B

BK 608 PG 287

TO HAVE AND TO HOLD the said premises with the appurtenances upon the trusts and for the uses and purposes herein and in said trust agreement set forth.

Full power and authority is hereby granted to said trustee to improve, manage, protect and subdivide said premises or any part thereof, to dedicate parks, streets, highways or alleys and to vacate any subdivision or part thereof, and to resubdivide said property as often as desired, to contract to sell, to grant options to purchase, to sell on any terms, to convey either with or without consideration, to convey said premises or any part thereof to a successor or successors in trust and to grant to such successor or successors in trust all of the title, estate, powers and authorities vested in said trustee, to donate, to dedicate, to mortgage, pledge or otherwise encumber said property, or any part thereof, to lease said property, or any part thereof, from time to time, in possession or reversion, by leases to commence in praesenti or futuro, and upon any terms and for any period or periods of time, not exceeding in the case of any single demise the term of 198 years, and to renew or extend leases upon any terms and for any period or periods of time and to amend, change or modify leases and the terms and provisions thereof at any time or times hereafter, to contract to make leases and to grant options to lease and options to renew leases and options to purchase the whole or any part of the reversion and to contract respecting the manner of fixing the amount of present or future rentals, to partition or to exchange said property, or any part thereof, for other real or personal property, to grant easements or charges of any kind, to release, convey or assign any right, title or interest in or about or easement appurtenant to said premises or any part thereof, and to deal with said property and every part thereof in all other ways and for such other considerations as it would be lawful for any person owning the same to deal with the same, whether similar to or different from the ways above specified, at any time or times hereafter.

In no case shall any party dealing with said trustee in relation to said premises, or to whom said premises or any part thereof shall be conveyed, contracted to be sold, leased or mortgaged by said trustee, be obliged to see to the application of any purchase money, rent, or money borrowed or advanced on said premises, or be obliged to see that the terms of this trust have been complied with, or be obliged to inquire into the necessity or expediency of any act of said trustee, or be obliged or privileged to inquire into any of the terms of said trust agreement; and every deed, trust deed, mortgage, lease or other instrument executed by said trustee in relation to said real estate shall be conclusive evidence in favor of every person relying upon or claiming under any such conveyance, lease or other instrument, (a) that at the time of the delivery thereof the trust created by this indenture and by said trust agreement was in full force and effect, (b) that such conveyance or other instrument was executed in accordance with the trusts, conditions and limitations contained in this indenture and in said trust agreement or in some amendment thereof and binding upon all beneficiaries thereunder, (c) that said trustee was duly authorized and empowered to execute and deliver every such deed, trust deed, lease, mortgage or other instrument and (d) if the conveyance is made to a successor or successors in trust, that such successor or successors in trust have been properly appointed and are fully vested with all the title, estate, rights, powers, authorities, duties and obligations of its, his or their predecessor in trust.

The interest of each and every beneficiary hereunder and of all persons claiming under them or any of them shall be only in the earnings, avails and proceeds arising from the sale or other disposition of said real estate, and such interest is hereby declared to be personal property, and no beneficiary hereunder shall have any title or interest, legal or equitable, in or to said real estate as such, but only an interest in the earnings, avails and proceeds thereof as aforesaid.

If the title to any of the above lands is now or hereafter registered, the Registrar of Titles is hereby directed not to register or note in the certificate of title or duplicate thereof, or memorial, the words "in trust", or "upon condition", or "with limitations", or words of similar import, in accordance with the statute in such case made and provided.

BK 6 0 8 PG 290

A parcel of land located on the Southeast Quarter (SE¼) of Section Twenty (20), the West Half (W½) of Section Twenty-eight (28), and the East Half (E½) of Section Twenty-nine (29), all in Township Thirty-five (35) North, Range Seven (7) East of the Third Principal Meridian, County of Kendall, and State of Illinois, described as follows:

Commencing at the Northeast corner of the Southeast Quarter of Section 20, Township 35 North, Range 7 East of the Third Principal Meridian, said point being the POINT OF BEGINNING;

thence due South along the East line of said Southeast Quarter for a distance of 2653.83 feet to a point which falls on the Northeast corner of Section 29;

thence continuing due South along the east line of said Section 29 for a distance of 2217.62 feet;

thence North 89° 25' 57" for a distance of 99.00 feet;
thence due South for a distance of 429.00 feet to a point which falls on the North line of the Southwest quarter of section 28; thence North 89° 25' 57" East along the said North line for a distance of 264.66 feet; thence South 00° 00' 33" east for a distance of 40.54 feet to a point which falls on the center line of Joliet Road; thence South 89° 12' 48" West along said center line for a distance of 363.68 feet to a point which falls on the west line of said southwest quarter;
thence South 88° 54' 59" West along said center line for a distance of 373.56 feet;
thence South 87° 05' 45" West along said center line for a distance of 288.32 feet;
thence South 83° 25' 29" West along said center line for a distance of 386.81 feet;
thence South 81° 27' 07" West along said center line for a distance of 312.44 feet;
thence South 83° 20' 56" West along said center line for a distance of 396.05 feet;
thence North 00° 00' 33" West for a distance of 170.69 feet to a point which falls on the south line of the Northeast Quarter of Section 29;
thence South 89° 01' 57" West along said south line for a distance of 13.13 feet;
thence North 00° 01' 15" West for a distance of 2642.08 feet to a point which falls on the south line of the Southeast Quarter of Section 20;
thence North 00° 06' 41" East for a distance of 2649.22 feet to a point which falls on the north line of the said Southeast Quarter;
thence North 88° 44' 08" East along said north line for a distance of 1757.61 feet to the point of beginning, containing 218.845 acres, more or less.

LYNDA RIVERS - RECORDER OF KANE COUNTY BK 6 0 8 PG 291

AFFIDAVIT - PLAT ACT

STATE OF ILLINOIS } SS.
COUNTY OF KANE

Philip W. Sandler, Attorney at Law , being duly sworn on oath, states that he resides at 2640 W. Touhy Ave., Suite 11, Chicago, IL 60645 . That the attached deed is not in violation of 765 ILCS 205/1 for one of the following reasons:

1. The sale or exchange is of an entire tract of land not being a part of a larger tract of land.
2. (circled) The division or subdivision of the land is into parcels or tracts of five acres or more of size which does not involve any new streets or easements of access.
3. The division is of lots or blocks of less than one acre in any recorded subdivision which does not involve any new streets or easements of access.
4. The sale or exchange of parcels of land is between owners of adjoining and contiguous land.
5. The conveyance is of parcels of land or interests therein for use as right of way for railroads or other public utility facilities, which does not involve any new streets or easement of access.
6. The conveyance is of land owned by a railroad or other public utility which does not involve any new streets or easements of access.
7. The conveyance is of land for highway or other public purposes or grants or conveyances relating to the dedication of land for public use or instruments relating to the vacation of land impressed with a public use.
8. The conveyance is made to correct descriptions in prior conveyances.
9. The sale or exchange is of parcels or tracts of land following the division into no more than two parts of a particular parcel or tract of land existing on July 17, 1959, and not involving any new streets or easements of access.
10. The sale is of a single lot of less than five acres from a larger tract, the dimensions and configurations of said larger tract having been determined by the dimensions and configurations of said larger tract on October 1, 1973, and no sale prior to this sale, or any lot or lots from said larger tract having taken place since October 1, 1973, and a survey of said single lot having been made by a registered land surveyor.

THE APPLICABLE STATEMENT OR STATEMENTS ABOVE ARE CIRCLED.

Affiant further states that he makes this affidavit for the purpose of inducing the Recorder of Deeds of Kane County, Illinois, to accept the attached deed for recording, and that all local requirements applicable to the subdivision of land are met by the attached deed and the tract described therein.

_____
Philip W. Sandler, Attorney at Law

SUBSCRIBED AND SWORN to before me
this 15 day of October 1993.

_____
"OFFICIAL SEAL"
Terri Jean Brzezinski
Notary Public, State of Illinois
My Commission Expires 8/5/97

TRUSTEE'S DEED

IN TRUST

9311144

BK 6 0 9 PG 282

THE ABOVE SPACE FOR RECORDER'S USE ONLY

THIS INDENTURE, made this 16th day of JUNE, 19 93, between CHICAGO TITLE AND TRUST COMPANY, a corporation of Illinois, as Trustee under the provisions of a deed or deeds in trust, duly recorded and delivered to said company in pursuance of a trust agreement dated the 14th day of APRIL, 1992, and known as Trust Number 1097435 party of the first part, and CHICAGO TITLE AND TRUST COMPANY, AS TRUSTEE, UNDER TRUST AGREEMENT DATED MAY 26, 1993 AND KNOWN AS TRUST NUMBER 1099147, whose address is: 171 N. CLARK STREET, CHICAGO, IL 60601-3294 party of the second part.

WITNESSETH, That said party of the first part, in consideration of the sum of TEN AND 00/100 --- DOLLARS, and other good and valuable considerations in hand paid, does hereby convey and quitclaim unto said party of the second part, the following described real estate, situated in KENDALL County, Illinois, to-wit:

AN UNDIVIDED TWENTY-FIVE PERCENT (25%) INTEREST IN THE ATTACHED PROPERTY LEGALLY DESCRIBED AS FOLLOWS:

(SEE RIDER ATTACHED HERETO FOR LEGAL DESCRIPTION)

PERMANENT INDEX NOS. 08-20-400-002
08-28-100-001
08-29-200-002

FILED FOR RECORD
KENDALL COUNTY, IL
DOC # 9311144
3:16 PM
OCT 22 1993

RECORDER OF DEEDS

together with the tenements and appurtenances thereunto belonging.

TO HAVE AND TO HOLD the same unto said party of the second part, and to the proper use, benefit and behoof forever of said party of the second part.

THIS CONVEYANCE IS MADE PURSUANT TO DIRECTION AND WITH AUTHORITY TO CONVEY DIRECTLY TO THE TRUST GRANTEE NAMED HEREIN. THE POWERS AND AUTHORITY CONFERRED UPON SAID TRUST GRANTEE ARE RECITED ON THE REVERSE SIDE HEREOF AND INCORPORATED HEREIN BY REFERENCE.

This deed is executed pursuant to and in the exercise of the power and authority granted to and vested in said trustee by the terms of said deed or deeds in trust delivered to said trustee in pursuance of the trust agreement above mentioned. This deed is made subject to the lien of every trust deed or mortgage (if any there be) of record in said county given to secure the payment of money, and remaining unreleased at the date of the delivery hereof.

IN WITNESS WHEREOF, said party of the first part has caused its corporate seal to be hereto affixed, and has caused its name to be signed to these presents by its Assistant Vice President and attested by its Assistant Secretary, the day and year first above written.

CHICAGO TITLE AND TRUST COMPANY As Trustee as aforesaid,

By [signature] Assistant Vice-President
Rhonda Tureck

Attest [signature] Assistant Secretary
Ora L. Dawson

STATE OF ILLINOIS, ) ss
COUNTY OF COOK )

I, the undersigned, a Notary Public in and for the County and State aforesaid, DO HEREBY CERTIFY, that the above named Assistant Vice President and Assistant Secretary of the CHICAGO TITLE AND TRUST COMPANY, Grantor, personally known to me to be the same persons whose names are subscribed to the foregoing instrument as such Assistant Vice President and Assistant Secretary respectively, appeared before me this day in person and acknowledged that they signed and delivered the said instrument as their own free and voluntary act and as the free and voluntary act of said Company for the uses and purposes therein set forth; and the said Assistant Secretary then and there acknowledged that said Assistant Secretary, as custodian of the corporate seal of said Company, caused the corporate seal of said Company to be affixed to said instrument as said Assistant Secretary's own free and voluntary act and as the free and voluntary act of said Company for the uses and purposes therein set forth.

Given under my hand and Notarial Seal SEPTEMBER 29, 1993 Date

[signature] Marylou Estrada Notary Public

"OFFICIAL SEAL"
Marylou Estrada
Notary Public, State of Illinois
My Commission Expires 3/12/95

FOR INFORMATION ONLY
INSERT STREET ADDRESS OF ABOVE
DESCRIBED PROPERTY HERE

NAME: CHICAGO TITLE & TRUST COMPANY
STREET: 171 NORTH CLARK STREET
CITY: CHICAGO, ILLINOIS 60601
ATTN: LAND TRUST DEPARTMENT ONLY

OR

INSTRUCTIONS
RECORDER'S OFFICE BOX NUMBER

THIS INSTRUMENT WAS PREPARED BY:
MELANIE M. HINDS
171 NORTH CLARK STREET
CHICAGO, ILLINOIS 60601-3294

EXEMPT UNDER provisions of Paragraph ___, Section ___
Real Estate Transfer Tax Act.
9-29-93 [signature]
Date Buyer, Seller or Representative

CHARGE CT&T CO. TRUST # 1097435
RECORD & RETURN TO LAND TRUST DEPT.

This space for affixing riders and revenue stamps

Document Number

[stamp: CHICAGO TITLE INSURANCE CO.]

This is a full and complete copy of original document filed in my office on 10-20-93
Dated at Yorkville, IL this 28th day of December, 20 07.

[signature] Paul Anderson
County Recorder
by Eva J. Nielson-Deputy

BK 609 PG 283

TO HAVE AND TO HOLD the said premises with the appurtenances upon the trusts and for the uses and purposes herein and in said trust agreement set forth.

Full power and authority is hereby granted to said trustee to improve, manage, protect and subdivide said premises or any part thereof, to dedicate parks, streets, highways or alleys and to vacate any subdivision or part thereof, and to resubdivide said property as often as desired, to contract to sell, to grant options to purchase, to sell on any terms, to convey either with or without consideration, to convey said premises or any part thereof to a successor or successors in trust and to grant to such successor or successors in trust all of the title, estate, powers and authorities vested in said trustee, to donate, to dedicate, to mortgage, pledge or otherwise encumber said property, or any part thereof, to lease said property, or any part thereof, from time to time, in possession or reversion, by leases to commence in praesenti or futuro, and upon any terms and for any period or periods of time, not exceeding in the case of any single demise the term of 198 years, and to renew or extend leases upon any terms and for any period or periods of time and to amend, change or modify leases and the terms and provisions thereof at any time or times hereafter, to contract to make leases and to grant options to lease and options to renew leases and options to purchase the whole or any part of the reversion and to contract respecting the manner of fixing the amount of present or future rentals, to partition or to exchange said property, or any part thereof, for other real or personal property, to grant easements or charges of any kind, to release, convey or assign any right, title or interest in or about or easement appurtenant to said premises or any part thereof, and to deal with said property and every part thereof in all other ways and for such other considerations as it would be lawful for any person owning the same to deal with the same, whether similar to or different from the ways above specified, at any time or times hereafter.

In no case shall any party dealing with said trustee in relation to said premises, or to whom said premises or any part thereof shall be conveyed, contracted to be sold, leased or mortgaged by said trustee, be obliged to see to the application of any purchase money, rent, or money borrowed or advanced on said premises, or be obliged to see that the terms of this trust have been complied with, or be obliged to inquire into the necessity or expediency of any act of said trustee, or be obliged or privileged to inquire into any of the terms of said trust agreement; and every deed, trust deed, mortgage, lease or other instrument executed by said trustee in relation to said real estate shall be conclusive evidence in favor of every person relying upon or claiming under any such conveyance, lease or other instrument, (a) that at the time of the delivery thereof the trust created by this indenture and by said trust agreement was in full force and effect, (b) that such conveyance or other instrument was executed in accordance with the trusts, conditions and limitations contained in this indenture and in said trust agreement or in some amendment thereof and binding upon all beneficiaries thereunder, (c) that said trustee was duly authorized and empowered to execute and deliver every such deed, trust deed, lease, mortgage or other instrument and (d) if the conveyance is made to a successor or successors in trust, that such successor or successors in trust have been properly appointed and are fully vested with all the title, estate, rights, powers, authorities, duties and obligations of its, his or their predecessor in trust.

The interest of each and every beneficiary hereunder and of all persons claiming under them or any of them shall be only in the earnings, avails and proceeds arising from the sale or other disposition of said real estate, and such interest is hereby declared to be personal property, and no beneficiary hereunder shall have any title or interest, legal or equitable, in or to said real estate as such, but only an interest in the earnings, avails and proceeds thereof as aforesaid.

If the title to any of the above lands is now or hereafter registered, the Registrar of Titles is hereby directed not to register or note in the certificate of title or duplicate thereof, or memorial, the words "in trust", or "upon condition", or "with limitations", or words of similar import, in accordance with the statute in such case made and provided.

BK 609 PG 284

A parcel of land located on the Southeast Quarter (SE¼) of Section Twenty (20), the West Half (W½) of Section Twenty-eight (28), and the East Half (E½) of Section Twenty-nine (29), all in Township Thirty-five (35) North, Range Seven (7) East of the Third Principal Meridian, County of Kendall, and State of Illinois, described as follows:

Commencing at the Northeast corner of the Southeast Quarter of Section 20, Township 35 North, Range 7 East of the Third Principal Meridian, said point being the POINT OF BEGINNING;

thence due South along the East line of said Southeast Quarter for a distance of 2653.83 feet to a point which falls on the Northeast corner of Section 29;

thence continuing due South along the east line of said Section 29 for a distance of 2217.62 feet;

thence North 89° 25' 57" for a distance of 99.00 feet;
thence due South for a distance of 429.00 feet to a point which falls on the North line of the Southwest quarter of section 28; thence North 89° 25' 57" East along the said North line for a distance of 264.66 feet; thence South 00° 00' 33" east for a distance of 40.54 feet to a point which falls on the center line of Joliet Road; thence South 89° 12' 48" West along said center line for a distance of 363.68 feet to a point which falls on the west line of said southwest quarter;
thence South 88° 54' 59" West along said center line for a distance of 373.56 feet;
thence South 87° 05' 45" West along said center line for a distance of 288.32 feet;
thence South 83° 25' 29" West along said center line for a distance of 386.81 feet;
thence South 81° 27' 07" West along said center line for a distance of 312.44 feet;
thence South 83° 20' 56" West along said center line for a distance of 396.05 feet;
thence North 00° 00' 33" West for a distance of 170.69 feet to a point which falls on the south line of the Northeast Quarter of Section 29;
thence South 89° 01' 57" West along said south line for a distance of 13.13 feet;
thence North 00° 01' 15" West for a distance of 2642.08 feet to a point which falls on the south line of the Southeast Quarter of Section 20;
thence North 00° 06' 41" East for a distance of 2649.22 feet to a point which falls on the north line of the said Southeast Quarter;

thence North 88° 44' 08" East along said north line for a distance of 1757.61 feet to the point of beginning, containing 218.845 acres, more or less.

BK 609 PG 285

LYNDA RIVERS - RECORDER OF KANE COUNTY

## AFFIDAVIT - PLAT ACT

STATE OF ILLINOIS } SS.
COUNTY OF KANE }

Philip W. Sandler, Attorney at Law _____, being duly sworn on oath, states that he resides at 2640 W. Touhy Ave., Suite 11, Chicago, IL 60645 . That the attached deed is not in violation of 765 ILCS 205/1 for one of the following reasons:

1. The sale or exchange is of an entire tract of land not being a part of a larger tract of land.

2. (circled) The division or subdivision of the land is into parcels or tracts of five acres or more of size which does not involve any new streets or easements of access.

3. The division is of lots or blocks of less than one acre in any recorded subdivision which does not involve any new streets or easements of access.

4. The sale or exchange of parcels of land is between owners of adjoining and contiguous land.

5. The conveyance is of parcels of land or interests therein for use as right of way for railroads or other public utility facilities, which does not involve any new streets or easement of access.

6. The conveyance is of land owned by a railroad or other public utility which does not involve any new streets or easements of access.

7. The conveyance is of land for highway or other public purposes or grants or conveyances relating to the dedication of land for public use or instruments relating to the vacation of land impressed with a public use.

8. The conveyance is made to correct descriptions in prior conveyances.

9. The sale or exchange is of parcels or tracts of land following the division into no more than two parts of a particular parcel or tract of land existing on July 17, 1959, and not involving any new streets or easements of access.

10. The sale is of a single lot of less than five acres from a larger tract, the dimensions and configurations of said larger tract having been determined by the dimensions and configurations of said larger tract on October 1, 1973, and no sale prior to this sale, or any lot or lots from said larger tract having taken place since October 1, 1973, and a survey of said single lot having been made by a registered land surveyor.

THE APPLICABLE STATEMENT OR STATEMENTS ABOVE ARE CIRCLED.

Affiant further states that he makes this affidavit for the purpose of inducing the Recorder of Deeds of Kane County, Illinois, to accept the attached deed for recording, and that all local requirements applicable to the subdivision of land are met by the attached deed and the tract described therein.

_____
Philip W. Sandler, Attorney at Law

SUBSCRIBED AND SWORN to before me this 5th day of October, 19 93.

"OFFICIAL SEAL"
Terri Jean Brzezinski
Notary Public, State of Illinois
My Commission Expires 8/5/97

K:\PLAT.AF

Requested By: msc 12/28/2007

| TRUSTEE'S DEED | 93/1044 | BK 608 PG 292 |
|---|---|---|
| IN TRUST | | |

THE ABOVE SPACE FOR RECORDER'S USE ONLY

THIS INDENTURE, made this 16th day of JUNE, 1993, between CHICAGO TITLE AND TRUST COMPANY, a corporation of Illinois, as Trustee under the provisions of a deed or deeds in trust, duly recorded and delivered to said company in pursuance of a trust agreement dated the 14th day of APRIL, 1992, and known as Trust Number 1097435 party of the first part, and CHICAGO TITLE AND TRUST COMPANY, AS TRUSTEE, UNDER TRUST AGREEMENT DATED MAY 26, 1993 AND KNOWN AS TRUST NUMBER 1099147, whose address is 171 N. CLARK STREET, CHICAGO, IL 60601-3294 party of the second part. WITNESSETH, That said party of the first part, in consideration of the sum of TEN AND 00/100--------DOLLARS, and other good and valuable considerations in hand paid, does hereby convey and quitclaim unto said party of the second part, the following described real estate, situated in KENDALL County, Illinois, to-wit:

AN UNDIVIDED THIRTY-SEVEN AND ONE-HALF PERCENT (37.5%) INTEREST IN THE ATTACHED PROPERTY LEGALLY DESCRIBED AS FOLLOWS:

(SEE RIDER ATTACHED HERETO FOR LEGAL DESCRIPTION)

PERMANENT INDEX NOS. 08-20-400-002
08-28-100-001
08-29-200-002

FILED FOR RECORD
KENDALL COUNTY, IL
DOC # 93/1044
OCT 20 1993 4:15pm

COUNTY OF KENDALL
REAL ESTATE TRANSFER TAX
$ 125.04

OCT 1993 066482

together with the tenements and appurtenances thereunto belonging.
TO HAVE AND TO HOLD the same unto said party of the second part, and to the proper use, benefit and behoof forever of said party of the second part.

THIS CONVEYANCE IS MADE PURSUANT TO AND IN DIRECTION AND WITH AUTHORITY TO CONVEY DIRECTLY TO THE TRUST GRANTEE NAMED HEREIN. THE POWERS AND AUTHORITY CONFERRED UPON SAID TRUST GRANTEE ARE RECITED ON THE REVERSE SIDE HEREOF AND INCORPORATED HEREIN BY REFERENCE.

This deed is executed pursuant to and in the exercise of the power and authority granted to and vested in said trustee by the terms of said deed or deeds in trust delivered to said trustee in pursuance of the trust agreement above mentioned. This deed is made subject to the lien of every trust deed or mortgage (if any there be) of record in said county given to secure the payment of money, and remaining unreleased at the date of the delivery hereof.

IN WITNESS WHEREOF, said party of the first part has caused its corporate seal to be hereto affixed, and has caused its name to be signed to these presents by its Assistant Vice President and attested by its Assistant Secretary, the day and year first above written.

CHICAGO TITLE AND TRUST COMPANY As Trustee as aforesaid,

BY _____ Assistant Vice-President

Attest _____ Assistant Secretary

STATE OF ILLINOIS, ) SS.
COUNTY OF COOK )

I, the undersigned, a Notary Public in and for the County and State aforesaid, DO HEREBY CERTIFY, that the above named Assistant Vice President and Assistant Secretary of the CHICAGO TITLE AND TRUST COMPANY, Grantor, personally known to me to be the same persons whose names are subscribed to the foregoing instrument as such Assistant Vice President and Assistant Secretary respectively, appeared before me this day in person and acknowledged that they signed and delivered the said instrument as their own free and voluntary act and as the free and voluntary act of said Company for the uses and purposes therein set forth; and the said Assistant Secretary then and there acknowledged that said Assistant Secretary, as custodian of the corporate seal of said Company, caused the corporate seal of said Company to be affixed to said instrument as said Assistant Secretary's own free and voluntary act and as the free and voluntary act of said Company for the uses and purposes therein set forth.

Given under my hand and Notarial Seal SEPTEMBER 29, 1993 Date

_____ Notary Public

"OFFICIAL SEAL"
Marylou Estrada
Notary Public, State of Illinois
My Commission Expires 3/12/95

| NAME | Philip W. Sandler, Attorney | FOR INFORMATION ONLY INSERT STREET ADDRESS OF ABOVE DESCRIBED PROPERTY HERE |
|---|---|---|
| STREET | 2640 W. Touhy Ave., Suite E1 | 10025 Joliet Road, R.R. #1 |
| CITY | Chicago, Illinois 60645 | Newark, Illinois 60541 |

OR

THIS INSTRUMENT WAS PREPARED BY:
MELANIE M. HINDS
171 NORTH CLARK STREET
CHICAGO, ILLINOIS 60601-3294

INSTRUCTIONS
RECORDER'S OFFICE BOX NUMBER

This is a full and complete copy of original document filed in my office on 10-20-93.
Dated at Yorkville, IL this 28th day of December, 20 07.

_____ County Recorder
By Eva J. Huber Deputy

BK 608 PG 293

TO HAVE AND TO HOLD the said premises with the appurtenances upon the trusts and for the uses and purposes herein and in said trust agreement set forth.

Full power and authority is hereby granted to said trustee to improve, manage, protect and subdivide said premises or any part thereof, to dedicate parks, streets, highways or alleys and to vacate any subdivision or part thereof, and to resubdivide said property as often as desired, to contract to sell, to grant options to purchase, to sell on any terms, to convey either with or without consideration, to convey said premises or any part thereof to a successor or successors in trust and to grant to such successor or successors in trust all of the title, estate, powers and authorities vested in said trustee, to donate, to dedicate, to mortgage, pledge or otherwise encumber said property, or any part thereof, to lease said property, or any part thereof, from time to time, in possession or reversion, by leases to commence in praesenti or in futuro, and upon any terms and for any period or periods of time, not exceeding in the case of any single demise the term of 198 years, and to renew or extend leases upon any terms and for any period or periods of time and to amend, change or modify leases and the terms and provisions thereof at any time or times hereafter, to contract to make leases and to grant options to lease and options to renew leases and options to purchase the whole or any part of the reversion and to contract respecting the manner of fixing the amount of present or future rentals, to partition or to exchange said property, or any part thereof, for other real or personal property, to grant easements or charges of any kind, to release, convey or assign any right, title or interest in or about or easement appurtenant to said premises or any part thereof, and to deal with said property and every part thereof in all other ways and for such other considerations as it would be lawful for any person owning the same to deal with the same, whether similar to or different from the ways above specified, at any time or times hereafter.

In no case shall any party dealing with said trustee in relation to said premises, or to whom said premises or any part thereof shall be conveyed, contracted to be sold, leased or mortgaged by said trustee, be obliged to see to the application of any purchase money, rent, or money borrowed or advanced on said premises, or be obliged to see that the terms of this trust have been complied with, or be obliged to inquire into the necessity or expediency of any act of said trustee, or be obliged or privileged to inquire into any of the terms of said trust agreement; and every deed, trust deed, mortgage, lease or other instrument executed by said trustee in relation to said real estate shall be conclusive evidence in favor of every person relying upon or claiming under any such conveyance, lease or other instrument, (a) that at the time of the delivery thereof the trust created by this indenture and by said trust agreement was in full force and effect, (b) that such conveyance or other instrument was executed in accordance with the trusts, conditions and limitations contained in this indenture and in said trust agreement or in some amendment thereof and binding upon all beneficiaries thereunder, (c) that said trustee was duly authorized and empowered to execute and deliver every such deed, trust deed, lease, mortgage or other instrument and (d) if the conveyance is made to a successor or successors in trust, that such successor or successors in trust have been properly appointed and are fully vested with all the title, estate, rights, powers, authorities, duties and obligations of its, his or their predecessor in trust.

The interest of each and every beneficiary hereunder and of all persons claiming under them or any of them shall be only in the earnings, avails and proceeds arising from the sale or other disposition of said real estate, and such interest is hereby declared to be personal property, and no beneficiary hereunder shall have any title or interest, legal or equitable, in or to said real estate as such, but only an interest in the earnings, avails and proceeds thereof as aforesaid.

If the title to any of the above lands is now or hereafter registered, the Registrar of Titles is hereby directed not to register or note in the certificate of title or duplicate thereof, or memorial, the words "in trust", or "upon condition", or "with limitations", or words of similar import, in accordance with the statute in such case made and provided.

Requested By: msc 12/28/2007

BK 608 PG 324

A parcel of land located on the Southeast Quarter (SE¼) of Section Twenty (20), the West Half (W½) of Section Twenty-eight (28), and the East Half (E½) of Section Twenty-nine (29), all in Township Thirty-five (35) North, Range Seven (7) East of the Third Principal Meridian, County of Kendall, and State of Illinois, described as follows:

Commencing at the Northeast corner of the Southeast Quarter of Section 20, Township 35 North, Range 7 East of the Third Principal Meridian, said point being the POINT OF BEGINNING;

thence due South along the East line of said Southeast Quarter for a distance of 2653.83 feet to a point which falls on the Northeast corner of Section 29;

thence continuing due South along the east line of said Section 29 for a distance of 2217.62 feet;

thence North 89° 25' 57" for a distance of 99.00 feet;
thence due South for a distance of 429.00 feet to a point which falls on the North line of the Southwest quarter of section 28; thence North 89° 25' 57" East along the said North line for a distance of 264.66 feet; thence South 00° 00' 32" east for a distance of 40.54 feet to a point which falls on the center line of Joliet Road; thence South 89° 12' 48" West along said center line for a distance of 363.68 feet to a point which falls on the west line of said southwest quarter;
thence South 88° 54' 59" West along said center line for a distance of 373.56 feet;
thence South 87° 05' 45" West along said center line for a distance of 288.32 feet;
thence South 83° 25' 29" West along said center line for a distance of 386.81 feet;
thence South 81° 27' 07" West along said center line for a distance of 312.44 feet;
thence South 83° 20' 56" West along said center line for a distance of 396.05 feet;
thence North 00° 00' 33" West for a distance of 170.69 feet to a point which falls on the south line of the Northeast Quarter of Section 29;
thence South 89° 01' 57" West along said south line for a distance of 13.13 feet;
thence North 00° 01' 15" West for a distance of 2642.08 feet to a point which falls on the south line of the Southeast Quarter of Section 20;
thence North 00° 06' 41" East for a distance of 2649.22 feet to a point which falls on the north line of the said Southeast Quarter;
thence North 88° 44' 08" East along said north line for a distance of 1757.61 feet to the point of beginning, containing 218.845 acres, more or less.

BK 6 0 8 PG 295

LYNDA RIVERS - RECORDER OF KANE COUNTY
AFFIDAVIT - PLAT ACT

STATE OF ILLINOIS } SS.
COUNTY OF KANE

Philip W. Sandler, Attorney at Law , being duly sworn on oath, states that he resides at 2640 W. Touhy Ave., Suite 11, Chicago, IL 60645 . That the attached deed is not in violation of 765 ILCS 205/1 for one of the following reasons:

1. The sale or exchange is of an entire tract of land not being a part of a larger tract of land.
2. The division or subdivision of the land is into parcels or tracts of five acres or more of size which does not involve any new streets or easements of access.
3. The division is of lots or blocks of less than one acre in any recorded subdivision which does not involve any new streets or easements of access.
4. The sale or exchange of parcels of land is between owners of adjoining and contiguous land.
5. The conveyance is of parcels of land or interests therein for use as right of way for railroads or other public utility facilities, which does not involve any new streets or easement of access.
6. The conveyance is of land owned by a railroad or other public utility which does not involve any new streets or easements of access.
7. The conveyance is of land for highway or other public purposes or grants or conveyances relating to the dedication of land for public use or instruments relating to the vacation of land impressed with a public use.
8. The conveyance is made to correct descriptions in prior conveyances.
9. The sale or exchange is of parcels or tracts of land following the division into no more than two parts of a particular parcel or tract of land existing on July 17, 1959, and not involving any new streets or easements of access.
10. The sale is of a single lot of less than five acres from a larger tract, the dimensions and configurations of said larger tract having been determined by the dimensions and configurations of said larger tract on October 1, 1973, and no sale prior to this sale, or any lot or lots from said larger tract having taken place since October 1, 1973, and a survey of said single lot having been made by a registered land surveyor.

THE APPLICABLE STATEMENT OR STATEMENTS ABOVE ARE CIRCLED.

Affiant further states that he makes this affidavit for the purpose of inducing the Recorder of Deeds of Kane County, Illinois, to accept the attached deed for recording, and that all local requirements applicable to the subdivision of land are met by the attached deed and the tract described therein.

Philip W. Sandler, Attorney at Law

SUBSCRIBED AND SWORN to before me
this 15th day of October, 19 93

"OFFICIAL SEAL"
Terri Jean Brzczinski
Notary Public, State of Illinois
My Commission Expires 8/5/97

Requested By: msc 12/28/2007

