**FILED**

**NOVEMBER 5, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

# 07 C 6263

VULCAN LANDS, INC., a New Jersey
Corporation,

      Plaintiff,

vs.

CHICAGO TITLE AND TRUST CO. as t/u/t/a
1097435 dated April 14, 1992, JOHN SHAW,
and UNKNOWN OWNERS AND
BENEFICIARIES,

      Defendants.

Case No.:

**JUDGE COAR**
**MAGISTRATE JUDGE COLE**

## COMPLAINT FOR DECLARATORY RELIEF

NOW COMES Plaintiff, VULCAN LANDS, INC, by and through its attorneys, Bruce L.

Goldsmith and Kimberly D. Fahrbach of DYKEMA GOSSETT PLLC, and complaining of

Defendants, CHICAGO TITLE AND TRUST CO. as t/u/t/a 1097435 dated April 14, 1992,

JOHN SHAW, and UNKNOWN OWNERS AND BENEFICIARIES states:

## ALLEGATIONS COMMON TO ALL COUNTS

1.    Plaintiff VULCAN LANDS, INC. (hereinafter referred to as "VULCAN") is a

New Jersey domiciled corporation, with its headquarters located in Jefferson County, Alabama.

2.    Defendants CHICAGO TITLE AND TRUST CO. as t/u/t/a 1097435 dated April

14, 1992, JOHN SHAW, unidentified members of the family of JOHN SHAW, and UNKNOWN

OWNERS AND BENEFICIARIES of trust 1097435 and JOHN SHAW (hereinafter collectively

referred to as "SHAW") are Illinois residents, the trust being the legal owner and John Shaw and

various family members being the beneficial owners of certain property described in Exhibit A

(hereinafter referred to as "the Shaw Property.")



LISLE\100324.7
ID\KDF

3.    VULCAN owns a parcel of land (the "Vulcan Property") consisting of approximately 234 acres in Lisbon Township, Kendall County, Illinois, a portion of which it plans to develop into a new limestone quarry site. (The legal description of VULCAN's parcel is attached as Exhibit B to this Complaint.)

4.    The Shaw Property consists of approximately 385 acres in Lisbon Township, Kendall County, Illinois.  SHAW currently owns and operates Central Limestone, Co., Inc., which leases the Shaw Property for a limestone quarry operation. (See Ex. A.)

5.    Both the Vulcan Property and the Shaw Property are located in Section 28, Township 35 North, Range 7 East of the Third Principal Meridian (generally referred to as "Section 28") and are on opposite sides and abut Joliet Road. (See Ex. C, Map.)  Joliet Road runs through Section 28. (See Ex. C, Map.)

6.    Since 1964, SHAW has possessed all of the land that abuts Joliet Road to the south in the southwest quarter of Section 28 (hereinafter referred to as the "South Tract").

7.    Since August 21, 2006, VULCAN has possessed the land north of Joliet Road and in the northwest quarter of Section 28 (hereinafter referred to as the "North Tract").

8.    This dispute concerns a piece of property located north of Joliet Road and south of the half section line of Section 28 (hereinafter referred to as the "East-West Section Line"). (For the sake of brevity, this piece of property will hereinafter be referred to as the "SUBJECT PROPERTY.") (See Ex. C, Map.)

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a), in that the amount in controversy, i.e. the value of the SUBJECT PROPERTY and the appurtenant rights of access associated with the Subject Property, exceeds the sum or value of $75,000, exclusive of costs and interest, and there exists complete diversity between the parties.

LISLE\100324.7
ID\KDF

10.    Personal jurisdiction is proper in Illinois because the SUBJECT PROPERTY is located in Illinois and jurisdiction would be permitted in Illinois pursuant to 735 ILCS 5/2-209(c).

11.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(3) because the SUBJECT PROPERTY giving rise to VULCAN's claims lies in this district.

## HISTORY OF CONVEYANCES

12.    In 1958 William S. Hall, Frank M. Hall, and/or Shirley L. Hall (collectively "Halls") owned most of the land currently referred to as the North Tract and South Tract, including the SUBJECT PROPERTY, and including the land where Joliet Road is currently located.

13.    Prior to 1958, the fee to Joliet Road was owned by the Halls, but the public had use of the road by prescriptive easement.

14.    In 1958 the Halls entered into an agreement with Kendall County wherein the Halls conveyed easements for highway purposes to the County for Joliet Road pursuant to deeds (hereinafter referred to "1958 Hall Deeds"). (See Ex. D, 1958 Hall Deeds.)

15.    The 1958 Hall Deeds conveyed those portions of a 70 foot strip along Joliet Road that were not previously used for roadway purposes by prescription, in order to widen the right of way of Joliet Road to 70 feet.

16.    The Hall Deeds described the amount of land granted to the County for the easement as follows:

> "A strip of land along a portion of **half section line of sec. 28, twp. 35 N., R. 7E,** of 3rd P.M. in Kendall County from Sts. 120 + 21 to Sts. 132 + 72 said strip being **of a uniform width of 70 ft. one half lying North and one half lying South of the centerline of Roadway Improvement."** (See Ex. D, 1958 Hall Deeds (emphasis added)).

3

17.     Thereafter, Kendall County widened the pavement of Joliet Road and continued to maintain Joliet Road in the location Joliet Road is shown on the map.  (See Ex. C, Map.) Various utilities have also placed service within the Joliet Road right of way, with utility poles or other utility services located just inside the right of way limits.

<div align="center">OWNERSHIP OF NORTH TRACT</div>

18.     By 1968 William C. Peart and/or Nora Peart and other Peart family members (hereinafter collectively referred to as "the Pearts") owned all of the land referenced herein as the North Tract.

19.     The deeds of conveyance concerning the North Tract described the property being conveyed as the northwest quarter of Section 28.

20.     Upon purchasing the northwest quarter of Section 28, the Pearts believed that they were buying all of the land north of the center line of Joliet Road and that the center line of Joliet Road served as the southern boundary of their property and was the same as the East-West Section Line.

21.     Upon obtaining legal title to the North Tract, the Pearts used the entire North Tract for a home and a farm.

22.     On information and belief, the Pearts or prior owners of the North Tract established a fence line approximately 35 feet north of the center line of Joliet Road, to establish the boundary of their property north of the roadway.

23.     Between 1968 and 2006 the Pearts utilized the center line of Joliet Road as the southern boundary of the North Tract and the southern boundary of their property.

24.     Between 1968 and 2006 the Pearts continually possessed all land on the North Tract in association with their homestead and farm, including the SUBJECT PROPERTY.

25.    Between 1968 and 2006 the Pearts paid all real estate taxes assessed on the North Tract, including taxes assessed on the SUBJECT PROPERTY.

26.    Between 1968 and 2006 the Pearts used the North Tract, including the SUBJECT PROPERTY, in a manner consistent with farming and running a homestead.

27.    In 2006 the Pearts sold their interest in all of the land included in the Vulcan Property, including the North Tract, to VULCAN.

28.    VULCAN has paid all real estate taxes assessed on the North Tract, including the SUBJECT PROPERTY, since 2006, and has continued farming operations and homestead on the SUBJECT PROPERTY.

29.    VULCAN has continually possessed the North Tract, including the SUBJECT PROPERTY, since 2006, and has continued farming operations and homestead activities on the SUBJECT PROPERTY.

30.    VULCAN intends to develop a limestone quarry on the North Tract, including the SUBJECT PROPERTY.

### OWNERSHIP OF SOUTH TRACT

31.    By 1964 SHAW owned all of the land that abutted Joliet Road in the South Tract.

32.    Since 1964, SHAW has leased portions of the South Tract for the operation of a limestone quarry.

33.    Upon information and belief, in 1971 SHAW had a survey prepared on his land.

34.    Upon information and belief, the 1971 survey revealed that, although previous deeds (such as the 1958 Hall Deeds) described the East-West Section Line to be the same as the center line of Joliet Road, the center line of Joliet Road was actually south of the East-West Section Line.

5

35. Upon information and belief, the 1971 survey revealed that the East-West Section Line was approximately 40 feet north of the center line of Joliet Road.

36. The deeds conveying portions of the South Tract to SHAW mistakenly utilized the East-West Section Line of Section 28 to describe the northern boundary of the South Tract.

37. Due to the erroneous use of the East-West Center Line of Section 28 in the deeds as opposed to the center line of Joliet Road to identify the northern boundary of the South Tract, the South Tract was erroneously described in the deeds as including land north of the center line of Joliet Road (i.e., land located in the North Tract).

38. The parcel of land that is located north of Joliet Road and south of the East-West Section Line of Section 28 is the aforementioned SUBJECT PROPERTY.

39. Despite the 1971 survey's disclosure of a discrepancy as to the northern boundary of the South Tract (i.e., the center line of Joliet Road versus the East West Section Line of Section 28), SHAW did not claim ownership of the SUBJECT PROPERTY.

40. At no time, including after the 1971 survey, has SHAW taken possession of any of the land located in the North Tract, including the SUBJECT PROPERTY.

41. Upon information and belief, at some point SHAW or predecessors in title constructed a fence south of Joliet Road that ran east to west parallel with Joliet Road and along the whole length of the South Tract adjacent to Joliet Road. This fence is approximately 35 feet south of the centerline of Joliet Road and is at the south boundary of the roadway easement for Joliet Road granted by the Halls to the County.

42. The fence served to put the community on notice that SHAW was claiming possession of all of the land in the South Tract south of the fence and that the fence marked the northern boundary of the South Tract, except for any rights SHAW had in the roadway.

6

### THE SUBJECT PROPERTY

43.     SHAW has never been assessed taxes for the portion of the North Tract comprising the SUBJECT PROPERTY.

44.     SHAW has never paid taxes on any land located in the North Tract, including the SUBJECT PROPERTY.

45.     Since 1964 VULCAN and the preceding owners of the North Tract, the Pearts, maintained continuous possession of all land located in the North Tract, including the SUBJECT PROPERTY, by conducting certain activities on the SUBJECT PROPERTY, including, but not limited to, farming the land, occupying a homestead on the land, mowing the grass, using access roads across it to Joliet Road, and otherwise maintaining it.

46.     Between 1964 and 2006 the Pearts possessed all of the land located in the North Tract, including the SUBJECT PROPERTY, in a manner so that the community could be apprised of the Pearts' possession and exclusive use and enjoyment of the property.

47.     Since acquiring the North Tract in 2006 VULCAN has possessed all land located in the North Tract, including the SUBJECT PROPERTY, in a manner so that the community could be apprised of VULCAN'S possession and exclusive use and enjoyment of the property.

48.     Since 1964 SHAW has never possessed nor maintained any land located in the North Tract, including the SUBJECT PROPERTY, in any form so that the community could become aware that SHAW was claiming ownership and possession of the SUBJECT PROPERTY.

49.     After receiving the results of the 1971 survey, SHAW did not intervene or perform any act that interfered with the then-owners of the North Tract's possession of the SUBJECT PROPERTY.

7

50.    Since 1968 Vulcan and the Pearts' possession of the SUBJECT PROPERTY has been inconsistent with SHAW's assertion of any ownership of the SUBJECT PROPERTY.

51.    Specifically, SHAW has leased the South Tract for use by Central Limestone as a quarry, and the Pearts utilized the North Tract, including the SUBJECT PROPERTY, as farmland and a homestead.

## COUNT I – MUTUAL MISTAKE

52.    Shaw assembled the South Tract through a series of purchases over a period of years. On information and belief, each time SHAW executed a contract for purchase of land that abutted Joliet Road, SHAW intended to purchase and the respective sellers intended to sell land located only south of the center line of Joliet Road.

53.    On information and belief, each time SHAW executed a contract for purchase of land for the assemblage of the South Tract that included land abutting Joliet Road, the respective seller(s) did not intend to sell and SHAW did not intend to purchase any land located north of the center line of Joliet Road, including the SUBJECT PROPERTY.

54.    On information and belief, each time SHAW purchased land contained in the South Tract, SHAW and the sellers understood that the South Tract would be bordered to the north by the center line of Joliet Road.

55.    On information and belief, each time the Pearts and/or their predecessors executed a contract for purchase of land contained in the North Tract, the Pearts intended to purchase and the respective sellers intended to sell land that was bordered on the south by the center line of Joliet Road.

56.    Despite the intention of SHAW and the Pearts and their predecessors and the respective seller(s) at the times they executed the contracts for the purchase of land contained in

the South Tract and North Tract respectively, the premises intended to be conveyed were erroneously described in the deeds.

57.    Specifically, the legal descriptions in the deeds mistakenly referenced the north boundary of the South Tract as the East-West Section Line of Section 28, instead of the center line of Joliet Road and/or the south boundary of the North Tract as the East West Center Line of Section 28 instead of the center line of Joliet Road.

58.    The effect of the references to the East West Section Line of Section 28 instead of the center line of Joliet Road was that the legal description of the land being conveyed mistakenly included (in the case of the South Tract) or excluded (in the case of the North Tract) the land located north of Joliet Road, and specifically the SUBJECT PROPERTY.

59.    The legal descriptions that included the SUBJECT PROPERTY were inserted in the deeds by mutual mistake of the various grantors, including the Halls, the Pearts, and others conveying land to SHAW and/or their attorneys, agents, and representatives.

60.    SHAW discovered the mistake in the legal description in 1971 when he had a survey done of the South Tract.

61.    SHAW did not assert ownership of the SUBJECT PROPERTY or take possession of the SUBJECT PROPERTY after receiving notice of the mistake.

62.    Instead, VULCAN, the Pearts and all preceding owners of the North Tract continued to maintain possession and ownership of the SUBJECT PROPERTY and all land located north of the center line of Joliet Road.

63.    VULCAN continues to assert ownership and possession over the SUBJECT PROPERTY.

64.     In order to make the current deeds conform to the agreement and the intention of the Halls, the Pearts and their predecessors as grantors, and SHAW and VULCAN as grantees, the deeds must be reformed by substituting the proper description of the premises agreed and intended to be conveyed in place of the erroneous description inserted by mistake.

65.     The description contained in the deeds should be corrected to read as providing the center line of Joliet Road as the respective northern/southern of the South and North Tracts.

WHEREFORE, VULCAN prays for the entry of judgment in its favor and against SHAW as follows:

(a)     That the executed and recorded deeds conveying portions of the South Tract and the North Tract as described above be reformed by striking from such deeds the erroneous description contained in them and inserting the proper description of the premises agreed and intended to be conveyed;

(b)     VULCAN's costs in this action; and

(c)     Any other relief this Court deems appropriate.

LISLE\100324.7
JD\KDF

## COUNT II – ADVERSE POSSESSION (735 ILCS 5/13-109)

1-65.    VULCAN incorporates paragraphs 1 through 65 as paragraphs 1 through 65 of Count II.

66.     VULCAN and the immediate preceding owners of the North Tract have been in actual and continuous possession of the SUBJECT PROPERTY, under claim and color of title, made in good faith, for more than seven successive years preceding the filing of this complaint.

67.     During the seven successive year period described in paragraph 69, VULCAN and the immediate preceding owners paid all legally assessed taxes on the SUBJECT PROPERTY.

68.     During the seven successive year period described in paragraph 69, VULCAN and the immediate preceding owners' possession of the property was open, notorious, hostile, continuous, adverse, visible, and exclusive.

WHEREFORE, VULCAN prays for judgment in its favor and against Defendant SHAW as follows:

   (a)    this Court declare VULCAN as the legal owner of the SUBJECT PROPERTY;

   (b)    Defendant SHAW be forever enjoined from asserting any claim to the SUBJECT PROPERTY adverse to VULCAN; and

   (c)    any other relief this Court deem appropriate.

## COUNT III – ADVERSE POSSESSION (735 ILCS 5/13-101)

1-65.    VULCAN incorporates paragraphs 1 through 65 of Count I as paragraphs 1 through 65 of Count III.

66.     VULCAN and the immediate preceding owners of the North Tract have been in the actual and continuous possession of the SUBJECT PROPERTY, under claim and color of

LISLE\100324.7
ID\KDF

title, made in good faith, for more than twenty successive years preceding the filing of this complaint.

67.    During the twenty successive year period described in paragraph 71, VULCAN and the immediate preceding owners paid all legally assessed taxes on the SUBJECT PROPERTY.

68.    During the twenty successive year period described in paragraph 71, VULCAN and the immediate preceding owners' possession of the SUBJECT PROPERTY was open, notorious, hostile, continuous, adverse, visible, and exclusive.

WHEREFORE, VULCAN prays for judgment in its favor and against Defendant SHAW as follows:

(a)    this Court declare VULCAN as the legal owner of the SUBJECT PROPERTY;

(b)    Defendant SHAW be forever enjoined from asserting any claim to the SUBJECT PROPERTY adverse to VULCAN; and

(c)    any other relief this Court deem appropriate.

By:/s/ Kimberly D. Fahrbach ARDC No. 6237042
One of the Attorneys for Plaintiff VULCAN LANDS, INC.

Bruce L. Goldsmith, ARDC No. 0996939
Kimberly D. Fahrbach, ARDC No. 6237042
Dykema Gossett PLLC
4200 Commerce Court
Suite 300
Lisle, Illinois 60532
(630) 245-0400

LJSLE\100324.7
ID\KDF

Case 1:07-cv-06263 Document 1-2 Filed 11/05/2007 Page 1 of 1

**FILED**

**NOVEMBER 5, 2007**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# 07 C 6263

JUDGE COAR
MAGISTRATE JUDGE COLE

924283
FILED FOR RECORD
KENDALL COUNTY, ILL.
DOC. # 924283
2:25 P.M.
APR 30 1992
[signature]
RECORDER OF DEEDS

BK 437 PG 146

## WARRANTY DEED IN TRUST

Form 91 R 1/79

(The above space for recorder's use only)

THIS INDENTURE WITNESSETH, That the Grantor, Theodore W. Shaw (a/k/a T. W. Shaw, Theodore Wells Shaw, Theodore W. Wells)

of the County of Kendall and State of Illinois for and in consideration of Ten and no/XX ($10.00) Dollars, and other good and valuable considerations in hand paid, Convey s and Warrants unto the CHICAGO TITLE AND TRUST COMPANY, a corporation of Illinois, whose address is 111 West Washington Street, Chicago, Illinois 60602, as Trustee under the provisions of a trust agreement dated the 14th day of April 1992, known as Trust Number 1097435 the following described real estate in the County of Kendall and State of Illinois, to-wit:

See Legal Description Riders attached hereto as Exhibits A, B and C and by this reference incorporated herein.

P.I.N. Numbers: 08-20-400-002, 08-28-100-001 and 08-29-200-002
08-29-400-002 and 08-28-300-002
05-18-276-001 and 05-17-300-002

Exempt under provisions of Paragraph e, Section 4, Real Estate Transfer Tax Act.
4/20/92 [signature], attorney
Date Buyer, Seller or Representative

RECORD & RETURN TO LAND TRUST DEPT.
CHICAGO TITLE CO. TRUST [illegible]

TO HAVE AND TO HOLD the said premises with the appurtenances upon the trusts and for the uses and purposes herein and in said trust agreement set forth.

Full power and authority is hereby granted to said trustee to improve, manage, protect and subdivide said premises or any part thereof, [illegible]

In no case shall any party dealing with said trustee in relation to said premises, [illegible]

The interest of each and every beneficiary hereunder and of all persons claiming under them or any of them shall be only in the earnings, avails and proceeds arising from the sale or other disposition of said real estate, [illegible]

If the title to any of the above lands is now or hereafter registered, the Registrar of Titles is hereby directed not to register or note in the certificate of title or duplicate thereof, or memorial, the words "in trust," or "upon condition," or "with limitations," or words of similar import, in accordance with the statute in such case made and provided.

And the said grantor hereby expressly waive s and release s any and all right or benefit under and by virtue of any and all statutes of the State of Illinois, providing for the exemption of homesteads from sale on execution or otherwise.

In Witness Whereof, the grantor aforesaid ha s hereunto set his hand and seal this 20th day of April 19 92.

(Seal) X [signature] (Seal)
Theodore W. Shaw

(Seal) (Seal)

This space for affixing Riders and Revenue Stamps

State of Illinois
County of Cook } ss

I, Philip W. Sandler a Notary Public in and for said County, in the state aforesaid, do hereby certify that Theodore W. Shaw (a/k/a T. W. Shaw, Theodore Wells Shaw, Theodore W. Wells) personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

Given under my hand and notarial seal this 20th day of April 1992.

[signature]

"OFFICIAL SEAL"
PHILIP W. SANDLER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXP. 11/30/95

Prepared by and return to:
Earl L. Simon
Howard Gordon
Kaplan Ltd.
180 North La Salle St.
Chicago, IL 60601

Document Number

~~Mail recording to: Box 333 (Cook County only) CHICAGO TITLE AND TRUST COMPANY 111 West Washington Street, Chicago, IL 60602 Attention: Land Trust Department~~

For information only insert street address of above described property.

CHICAGO TITLE INSURANCE CO.
Kane County Office
Geneva, Illinois 60134
Phone 232-2754

EXHIBIT
A

Cathy 06/29/2007

BK 437 PG 747

EXHIBIT A

**LEGAL DESCRIPTION**

A parcel of land located in the Southwest Quarter (SW¼) of Section Twenty-eight (28) and the Southeast Quarter (SE¼) of Section Twenty-nine (29), all in Township Thirty-five (35) North, Range Seven (7) East of the Third Principal Meridian, County of Kendall, and State of Illinois, described as follows:

Commencing at the Southwest corner of Section 28, Township 35 North, Range 7 East of the Third Principal Meridian; thence South 00° 50' 28" East along the south line of said Section 28 for a distance of 363.66 feet to the POINT OF BEGINNING;

thence North 00° 50' 30" East for a distance of 325.00 feet;
thence North 89° 51' 06" West for a distance of 363.66 feet to a point which falls on the west line of said Section 28;

thence South 00° 51' 54" West for a distance of 373.56 feet;
thence North 00° 50' 30" East for a distance of 1191.21 feet to a point which falls on the center line of Tract road;

thence North 00° 50' 02" East along said center line for a distance of 373.56 feet to a point which falls on the west line of said Section 28;

thence South 89° 50' 30" East continuing along said center line for a distance of 363.66 feet;
thence North 00° 50' 30" East for a distance of 160.54 feet to a point which falls on the north line of the Southwest Quarter of said Section 28;

thence South 89° 42' 16" East along said north line for a distance of 2220.34 feet;
thence South 00° 51' 10" West for a distance of 2372.13 feet;
thence North 89° 23' 46" West for a distance of 135.00 feet;
thence North 00° 51' 10" East for a distance of 253.02 feet to a point which falls on the south line of said Southwest Quarter;

thence North 89° 50' 28" West along said south line for a distance of 2081.78 feet to the point of beginning, ALONG WITH the north 1062.33 feet of the west 13.00 feet of the Southwest Quarter of the Southwest Quarter of said Section 29, containing 165.560 acres, more or less.

RECORD & RETURN TO LAND TRUST DEPT
CHARGE CTRY CO. TRUST # 101-2

Requested By: cathy  06/29/2007

BK 4 3 7  PG 148

Part of the West Half of Section 17 and part of Section 18, Township 36 North, Range 7 East of
the Third Principal Meridian, lying East of the center line of East High Point Road, all
described as follows: Commencing at the Southwest corner of said Section 17, thence South 89°
34'23" East 271.06 feet along the South line of the Southwest Quarter of said Section 17, to
a recovered iron pipe, thence North 0°16'51" East 2377.0 feet to a point, which is a recovered
iron pipe, thence North 66°49'30" West 1621.83 feet to a point in the centerline of East High
Point Road, said centerline being a 17,354.75 foot radius curve to the left, thence North-
easterly 902.43 feet along said curved centerline whose chord bears North 25°08'25" East
902.33 feet to a point in the Westerly extension of an existing fence line, said point being
the true point of beginning; thence continue Northeasterly along said curved line whose chord
bears North 21°35'03" East 51.15 feet to a point, thence South 64°05'58" East 3100.01 feet to
a point, said point being 1167.54 feet (17.69 chains) Southerly of a recovered stone monument,
thence South 0°54'02" West 25.13 feet to a point on the Easterly extension of an existing
fence line, thence North 64°37'12" West 3108.91 feet along said fence line to the true point
of beginning, containing 2.631 acres, more or less, situated in Kendall Township, Kendall
County, Illinois, subject to the rights of the public to that portion being used as a public
highway.

RECORD & RETURN TO LAND TRUST DEPT
CHARGE CHAT CO. TRUST #.../....

# EXHIBIT B

ed By: cathy 06/29/2007

BK 4 37 PG ___

**LEGAL DESCRIPTION**

A parcel of land located in the Southeast Quarter (SE¼) of Section twenty-six (26), Township thirty-five (35) North, Range Two (2) East of the Third Principal Meridian, all in Township of Tinley Park, County of Cook, State of Illinois, described as follows:

Commencing at the northwest corner of the Southeast Quarter of Section twenty-six (26), Range Two (2) East of the Third Principal Meridian; said point being the POINT OF BEGINNING;

thence ...

EXHIBIT C

RECORD & RETURN TO LAND TRUST DEPT
ORANGE CTRS CO. TRUST ...

*552161* *l3/ln*

**WARRANTY DEED**
*Statutory (Illinois)*
*(Individual to Individual)*

```
200600026042
Filed for Record in
KENDALL COUNTY, ILLINOIS
PAUL ANDERSON
08-21-2006 At 02:09 pm.
WARR DEED      3894.75
RHSP Surcharge      10.00
```

MAIL TO:

Derke J. Price
29 N. River St.
Batavia, IL  60510

NAME & ADDRESS OF TAXPAYER:

Vulcan Lands, Inc.
747 East 22nd St., Suite 200
Lombard, IL  60148

THE GRANTOR, Peter M. Greco of the
City of Lombard, County of DuPage, State of
Illinois, for and in consideration of Ten Dollars
($10.00) and other good and valuable consideration
in hand paid, CONVEYS AND WARRANTS TO:
Vulcan Lands, Inc., a corporation of New Jersey, the
real estate situated in the County of Kendall, in the
State of Illinois, as legally described on Exhibit "A"
attached hereto.

Permanent Index Number:  08-28-100-004, 08-28-100-005 and 08-21-300-0003

Property Address: vacant property commonly known as 9825 Joliet Rd., Newark, IL 60541



COUNTY OF KENDALL
REAL ESTATE TRANSFER TAX
$ 3,854.75  Ext.



STATE OF ILLINOIS

JUL.18.06

REAL ESTATE TRANSFER TAX
DEPARTMENT OF REVENUE



| REAL ESTATE TRANSFER TAX |
|---|
| 0771550 |
| FP326656 |

# 0000011398

STATE TAX



EXHIBIT
B

Dated this 7th day of June, 2006



Peter M. Greco

STATE OF ILLINOIS        }
                         } ss
COUNTY OF DUPAGE         }

I, the undersigned, a Notary Public in and for said County, in the State aforesaid, certify that
Peter M. Greco personally known to me to be the same person whose name is subscribed to the
foregoing instrument, appeared before me this day in person, and acknowledged that he signed,
sealed and delivered the instrument as his free and voluntary act, for the uses and purposes
therein set forth, including the release an waiver of the right of homestead.

Given under my hand and notarial seal, this 7th day of June, 2006

Notary Public

Name and address of Preparer

Byron L. Faermark
Faermark, Mindel & Williams, LLC
1900 S. Highland – Suite 100
Lombard, IL  60148
(630)873-8500

"OFFICIAL SEAL"
KAREN K HAWKINS
COMMISSION EXPIRES 01/25/09

EXHIBIT "A"

LEGAL DESCRIPTION

PARCEL 1:
THE NORTHWEST ¼ OF SECTION 28, TOWNSHIP 35 NORTH, RANGE 7, EAST OF THE
THIRD PRINCIPAL MERIDIAN, LISBON TOWNSHIP, (EXCEPT THE FOLLOWING: THE
SOUTH 26 RODS OF THE WEST 6 RODS THEREOF; THE EASTERLY 82.5 FEET
THEREOF), SITUATED IN KENDALL COUNTY, ILLINOIS.

PARCEL 2:
THE SOUTH ½ OF THE SOUTHWEST ¼ OF SECTION 21, TOWNSHIP 35 NORTH,
RANGE 7, EAST OF THE THIRD PRINCIPAL MERIDIAN, EXCEPT THE EASTERLY 82.5
FEET AND EXCEPT THE NORTH 264 FEET OF THE WESTERLY 171 FEET OF THE
EAST 253.5 FEET THEREOF; IN THE TOWNSHIP OF LISBON, KENDALL COUNTY,
ILLINOIS.

COMMONLY KNOWN AS: 9825 Joliet Rd., Newark, IL 60541

PERMANENT IDENTIFICATION NUMBERS:     08-28-100-004 (AFFECTS PARCEL 1)
                                      08-28-100-005 (AFFECTS PARCEL 1)
                                      08-21-300-003 (AFFECTS PARCEL 2)



392                          DEED

F.o 5elch Ine kaes  Vof Perty Fatur 78

State Aid Route 6
Section 24-G-MFT
Sta. 107+83 to Sta. 120+21

### DEDICATION OF RIGHT OF WAY FOR PUBLIC ROAD PURPOSES

THIS INDENTURE WITNESSETH, That the Grantors, Wm. S. & Shirley L. Hall of the County of
Kendall and State of Illinois for and in consideration of the sum of Dollars ($  ) in hand paid
by the County of Kendall, or on its behalf, the receipt whereof is hereby acknowledged, does
hereby grant, convey and dedicate to the People of the County of Kendall, State of Illinois, for
the Purpose of a public highway, a tract of land situated in the County of Kendall and State of
Illinois, and described as follows:

A strip of land along a portion of the South line of the NE, also a strip along a portion of
the North line of the SE of Sec. 25, Twp. 35N., R 7E., of 3rd P.M. Kendall County from Sta.
107 + 83 to Sta. 120 + 21 on the North and from Sta. 110 + 46 to Sta. 120 + 21 on the South,
each strip being of a uniform width of 35 ft. along the centerline of Roadway Improvement,
excepting that portion which is already a public highway, containing 0.166 acres, more or less.

The said centerline of Roadway Improvement is the center line for the Road Survey and plans
for State Aid Route 6, Section 24-G-MFT, Kendall County Illinois, as said centerline of Roadway
Improvement is now staked out by the County of Kendall and shown by a plat recorded in the
Recorder's records of said County.

Said tracts being also shown by plat hereto attached and considered a part hereof.

And the Grantor further, as a part of this dedication, agree to remove any and all fences,
enclosures, buildings and other obstructions, except as noted hereinafter under "Exceptions,"
within fifteen (15) days after notice from Kendall County Supt. of Highways, the Commissioner of
Highways or his or their representatives, engineer or contractor, and employees are hereby
authorized to enter into and take full and complete possession of said tract, and any fences,
enclosures, buildings or other obstructions remaining thereon, after the expiration of said
fifteen days may be removed by them or either of them and the expense thereof the said Grantor
agree to pay upon demand.

EXCEPTIONS:

IN WITNESS WHEREOF, the Grantors have hereunto set their hands and seal this 21st day of April,
A.D. 1958

                                        Shirley L. Hall    (Seal)
                                        William S Hall     (Seal)

STATE OF ILLINOIS } SS.
County of Kendall }
I, Russell Naden, a Notary Public, in and for said County and State DO HEREBY CERTIFY that
William S. Hall & Shirley L. Hall personally known to me to be the same person whose name
subscribed to the foregoing instrument, appeared before me this day in person and acknowledged
that they signed, sealed and delivered the said instrument as their free and voluntary act,
for the uses and purposes therein set forth.
Given under my hand and notarial seal this 21st day of April, A.D. 1958
                                        Russell Naden
                                        Notary Public.

Filed for Record on the 6th day of May A.D. 1959 at 8:50 o'clock A.M.
                                        RECORDER OF DEEDS

EXHIBIT
D

FOR SKETCH SEE PLAT BOOK 9, PAGE 78 TGN

*F... ... ... ... P. 9, ....*

DEDICATION DEED AND SKETCH

339

State Aid Route 6

Section 24-G-MFT

Sta. 120 + 21 to Sta. 132 + 72

### DEDICATION OF RIGHT OF WAY FOR PUBLIC ROAD PURPOSES

THIS INDENTURE WITNESSETH, That the Grantor Frank M. Hall Estate of the County of Kendall and State of Illinois for and in consideration of the sum of One Hundred Twenty-nine Dollars ($129.00) in hand paid by the County of Kendall, or on its behalf, the receipt whereof is hereby acknowledged, does hereby grant, convey and dedicate to the People of the County of Kendall, State of Illinois for the Purpose of a public highway, a tract of land situated in the County of Kendall and State of Illinois, and described as follows:

A strip of land along a portion of the half section line of Sec. 28 Twp. 35N., R. 7E., of 3rd P.M. in Kendall County from Sta. 120 + 21 to Sta. 132 + 72, said strip being of a uniform width of 70 ft. one half lying North and one half lying South of the centerline of Roadway Improvement, excepting that portion which is already a public highway, containing 0.21 acres, more or less.

The said centerline of Roadway Improvement is the center line for the Road Survey and plans for State Aid Route 6, Section 24-G-MFT, Kendall County Illinois, as said centerline of Roadway Improvement is now staked out by the County of Kendall and shown by a plat recorded in the Recorder's records of said County.

Said tracts being also shown by plat hereto attached and considered a part hereof.

And the Grantor further, as a part of this dedication, agree to remove any and all fences, enclosures, buildings and other obstructions, except as noted hereinafter under "Exceptions," within fifteen (15) days after notice from Kendall County Supt. of Highways, the Commissioner of Highways or his or their representatives, engineer or contractor, and employees are hereby authorized to enter into and take full and complete possession of said tract, and any fences, enclosures, buildings or other obstructions remaining thereon, after the expiration of said fifteen days may be removed by them or either of them and the expense thereof the said Grantor agree to pay upon demand.

EXCEPTIONS:

IN WITNESS WHEREOF, the Grantor have hereunto set their hand and seal this 1st day of April, A.D. 1958

<div style="text-align:right">

Frank M. Hall Estate

By: Stanley Hall Executor       (Seal)

(Seal)

</div>

STATE OF ILLINOIS )
                  )SS.
County of Kendall )

I, Russell Naden, a Notary Public, in and for said County and State DO HEREBY CERTIFY that Stanley Hall is sole-surviving executor of Frank M. Hall, Deceased personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that He signed, sealed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and notarial seal this 1st day of April, A.D. 1958

<div style="text-align:right">

Russell Naden

Notary Public.

</div>



# IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
## KENDALL COUNTY, ILLINOIS

CHICAGO TITLE AND TRUST, AS TRUSTEE )
UNDER TRUST No. 1096552 and CHICAGO )
TITLE AND TRUST, AS TRUSTEE UNDER )
TRUST No. 1099147, )

      Plaintiffs, )

           v. )

VULCAN LANDS, INC. a new Jersey Corporation, )
and WILLIAM J. PEART, )

      Defendants. )

**2007-CH 0625**

Case No. _____

Pursuant to Supreme Court Rule 218 Initial Case
Management Conference will be ___2-28-2008___
at _____ am. Attorneys of record responsible or parties.
or parties. If unrepresented must appear and be prepared
to comply with Supreme Court Rule 218
or be subject to appropriate sanctions.

        Clerk of the Circuit Court

## COMPLAINT TO QUITE TITLE

Plaintiffs, CHICAGO TITLE AND TRUST, as Trustee under Trust No. 1096552, and

CHICAGO TITLE AND TRUST, as Trustee under Trust No.1099147, by their attorneys,

MAHONEY, SILVERMAN & CROSS, LTD., for their complaint against Vulcan Lands, Inc.,

and William J. Peart,  state:

## COUNT I

1. Plaintiff,  Chicago Title and Trust, as Trustee under Trust No. 1096552, is the owner

of real property located in Kendall County, the legal description of which is:

A PARCEL OF LAND LOCATED IN THE SOUTHWEST QUARTER OF
SECTION 28 AND THE SOUTHEAST QUARTER OF SECTION 29, ALL IN
TOWNSHIP 35 NORTH, RANGE 7, EAST OF THE THIRD PRINCIPAL
MERIDIAN, COUNTY OF KENDALL, AND STATE OF ILLINOIS,
DESCRIBED AS FOLLOWS:  COMMENCING AT THE SOUTHWEST
CORNER OF SECTION 28, TOWNSHIP 35 NORTH, RANGE 7, EAST OF
THE THIRD PRINCIPAL MERIDIAN; THENCE SOUTH 89 DECREES 50
MINUTES 28 SECONDS EAST ALONG THE SOUTH LINE OF SAID
SECTION 28, FOR A DISTANCE OF 363.66 FEET TO THE POINT OF
BEGINNING; THENCE NORTH 00 DEGREES 50 MINUTES 30 SECONDS

EXHIBIT
B

EAST, FOR A DISTANCE OF 825.00 FEET; THENCE NORTH 89 DEGREES 51 MINUTES 06 SECONDS WEST, FOR A DISTANCE OF 363.66 FEET TO A POINT WHICH FALLS ON THE WEST LINE OF SAID SECTION 28; THENCE SOUTH 89 DEGREES 51 MINUTES 54 SECONDS WEST, FOR A DISTANCE OF 373.56 FEET; THENCE NORTH 00 DEGREES 50 MINUTES 30 SECONDS EAST, FOR A DISTANCE OF 1791.21 FEET TO A POINT WHICH FALLS ON THE CENTER LINE OF JOLIET ROAD; THENCE NORTH 89 DEGREES 46 MINUTES 02 SECONDS EAST ALONG SAID CENTER LINE, FOR A DISTANCE OF 373.56 FEET TO A POINT WHICH FALLS ON THE WEST LINE OF SAID SECTION 28; THENCE SOUTH 89 DEGREES 56 MINUTES 09 SECONDS EAST CONTINUING ALONG SAID CENTER LINE, FOR A DISTANCE OF 363.66 FEET; THENCE NORTH 00 DEGREES 50 MINUTES 30 SECONDS EAST, FOR A DISTANCE OF 40.54 FEET TO A POINT WHICH FALLS ON THE NORTH LINE OF THE SOUTHWEST QUARTER OF SAID SECTION 28; THENCE SOUTH 89 DEGREES 42 MINUTES 46 SECONDS EAST ALONG SAID NORTH LINE, FOR A DISTANCE OF 2220.34 FEET; THENCE SOUTH 00 DEGREES 51 MINUTES 18 SECONDS WEST, FOR A DISTANCE OF 2372.78 FEET; THENCE NORTH 89 DEGREES 50 MINUTES 28 SECONDS WEST, FOR A DISTANCE OF 136.00 FEET; THENCE SOUTH 00 DEGREES 51 MINUTES 18 SECONDS WEST, FOR A DISTANCE OF 280.00 FEET TO A POINT WHICH FALLS ON THE SOUTH LINE OF SAID SOUTHWEST QUARTER; THENCE NORTH 89 DEGREES 50 MINUTES 28 SECONDS WEST ALONG SAID SOUTH LINE, FOR A DISTANCE OF 2083.78 FEET TO THE POINT OF BEGINNING, ALONG WITH THE NORTH 1046.30 FEET OF THE EAST 33.00 FEET OF THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SAID SECTION 28, IN KENDALL COUNTY, ILLINOIS.

This property is hereinafter referred to as the "Quarry Property".

2. Defendant Vulcan Lands, Inc.(hereafter Vulcan) is a New Jersey Corporation.

3. Defendant, William J. Peart (hereinafter the "Peart"), is a citizen of Kendall County, Illinois.

4. From 1968 to 2002, Peart's parents (William C. Peart and Nora Peart) owned certain real property (hereinafter the "Peart Property") located in Kendall County Illinois. William C. Peart died prior to Nora Peart, and upon Nora Peart's death the Peart Property was left to, and became the property of, Peart. Peart owned the property from approximately 2002 to February

2006.

    5. In or about February 2006, Peart conveyed the Peart Property to Peter Greco, who, in turn, conveyed the Peart Property to Vulcan. The legal description of the property that was conveyed is as follows:

Parcel One:

> THE NORTHWEST 1/4 OF SECTION 28, TOWNSHIP 35 NORTH, RANGE 7, EAST OF THE THIRD PRINCIPAL MERIDIAN, LISBON TOWNSHIP, (EXCEPT THE FOLLOWING: THE SOUTH 26 RODS OF THE WET 6 RODS THEREOF; THE EASTERLY 82.5 FEET THEREOF), SITUATED IN KENDALL COUNTY, ILLINOIS.

Parcel two:

> THE SOUTH ½ OF THE SOUTHWEST 1/4 OF SECTION 21, TOWNSHIP 35 NORTH, RANGE 7, EAST OF THE THIRD PRINCIPAL MERIDIAN, EXCEPT THE EASTERLY 82.5 FEET AND EXCEPT THE NORTH 264 FEET FO THE WESTERLY 171 FEET FO THE EAST 253.5 FEET THEREOF; IN THE TOWNSHIP OF LISBON, KENDALL COUNTY, ILLINOIS.

    6. A portion of the Quarry Property lies north of Joliet Road, which road runs through the northern portion of the Quarry Property.

    7. The Peart Property abuts the Quarry Property along the north line of the southwest quarter of Section 28 of Lisbon Township, Kendall County, Illinois, for a distance of 2,220.35 feet, such distance commencing 82.50 feet west of the northeast corner of the southwest quarter of Section 28 and continuing to the west for 2,220.35 feet.

    8. Plaintiff became aware that Vulcan was attempting to assert rights to plaintiff's property from a line north of Joliet Road to the north line of the southwest quarter of Section 28 (which is also the south line of the northwest quarter of Section 28) of Lisbon Township (hereinafter referred to as the "Subject Property"), when plaintiff was apprised that Vulcan had

filed a lawsuit (hereinafter "the federal lawsuit") against a prior owner of the Quarry Property, Chicago Title and Trust, as Trustee under Trust No. 1097435.

9. Chicago Title and Trust, as Trustee under Trust No. 1097435, conveyed the Quarry Property to Plaintiff on or about August 12, 1992, which conveyance was recorded with the Kendall County recorder of Deeds as document number 928422.

10. In the federal lawsuit, Vulcan alleged that it has an interest in the Subject Property as a result of adverse possession. Specifically:

a. the federal law suit alleges that Peart paid property taxes on the Subject Property between 1968 and 2006;

b. the federal lawsuit alleges that, since 1968, Vulcan and Peart maintained continuous possession to the Subject Property.

c. the federal lawsuit alleges that, between 1968 and 2006, Peart possessed the Subject Property in a manner so that the community could be apprised of Peart's possession and exclusive use and enjoyment of the property.

11. Prior to the conveyance of the Peart Property from Peart to Greco and then Greco to Vulcan, Vulcan had a survey of the Peart Property prepared which showed that the south line of the northwest quarter of Section 28 of Lisbon Township, Kendall County, Illinois, i.e. the line that marked the southern boundary of the Peart Property, was north of the center of Joliet Road by more than 30 feet. It was thus evident to Vulcan at the time that the Peart Property was conveyed to Vulcan that the conveyance did not include the Subject Property.

12. The federal lawsuit does not allege, and Plaintiff is unaware of, any instrument that purports to convey the Subject Property between Joliet Road and the south line of the northwest

quarter of Section 28 of Lisbon Township to Vulcan. Thus, if any person or entity has a

purported claim to the Subject Property as a result of adverse possession it would appear to be

Peart.

WHEREFORE Plaintiff requests that this Court enter judgment quieting title and

declaring that Plaintiff, Chicago Title and Trust, as Trustee under Trust No. 1096552, is the sole

rightful owner of the property lying between the north edge of Joliet Road and the north line of

the southwest quarter of Section 28 of Lisbon Township, Kendall County, Illinois, for a distance

of 2,220.34 feet, such distance commencing 82.50 feet west of the northeast corner of the

southwest quarter of section 28 and continuing to the west for 2,220.34 feet.

<h3 style="text-align:center">COUNT II</h3>

1. Plaintiff, Chicago Title and Trust, as Trustee of Trust No. 1099147, is the owner of

real property located in Kendall County, the legal description of which is:

A PARCEL OF LAND LOCATED ON SOUTHEAST QUARTER OF SECTION
20, THE WEST HALF OF SECTION 28, AND THE EAST HALF OF SECTION
29, ALL IN TOWNSHIP 35 NORTH, RANGE 7 EAST OF THE THIRD
PRINCIPAL MERIDIAN, COUNTY OF KENDALL, AND STATE OF
ILLINOIS, DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHEAST CORNER OF THE SOUTHEAST
QUARTER OF SECTION 20, TOWNSHIP 35 NORTH, RANGE 7 EAST OF
THE THIRD PRINCIPAL MERIDIAN, SAID POINT BEING THE POINT OF
BEGINNING; THENCE DUE SOUTH ALONG THE EAST LINE OF SAID
SOUTHEAST QUARTER FOR A DISTANCE OF 2653.83 FEET TO A POINT
WHICH FALLS ON THE NORTHEAST CORNER OF SECTION 29; THENCE
CONTINUING DUE SOUTH ALONG THE EAST LINE OF SAID SECTION
29 FOR A DISTANCE OF 2217.62 FEET; THENCE NORTH 89 DEGREES, 25
MINUTES 57 SECONDS FOR A DISTANCE OF 99.00 FEET; THENCE DUE
SOUTH FOR A DISTANCE OF 429.00 FEET TO A POINT WHICH FALLS
ON THE NORTH LINE OF THE SOUTHWEST QUARTER OF SECTION 28;
THENCE NORTH 89 DEGREES 25 MINUTES 57 SECONDS EAST ALONG
THE SAID NORTH LINE FOR A DISTANCE OF 264.66 FEET; THENCE
SOUTH 00 DEGREES 00 MINUTES 33 SECONDS EAST FOR A DISTANCE

OF 40.54 FEET TO A POINT WHICH FALLS ON THE CENTER LINE OF JOLIET ROAD; THENCE SOUTH 89 DEGREES 12 MINUTES 48 SECONDS WEST ALONG SAID CENTER LINE FOR A DISTANCE OF 363.68 FEET TO A POINT WHICH FALLS ON THE WEST LINE OF SAID SOUTHWEST QUARTER; THENCE SOUTH 88 DEGREES 54 MINUTES 59 SECONDS WEST ALONG SAID CENTER LINE FOR A DISTANCE OF 373.56 FEET; THENCE SOUTH 87 DEGREES 05 MINUTES 45 SECONDS WEST ALONG SAID CENTER LINE FOR A DISTANCE OF 288.32 FEET; THENCE SOUTH 83 DEGREES 25 MINUTES 29 SECONDS WEST ALONG SAID CENTER LINE FOR A DISTANCE OF 386.81 FEET; THENCE SOUTH 81 DEGREES 27 MINUTES 07 SECONDS WEST ALONG SAID CENTER LINE FOR A DISTANCE OF 312.44 FEET; THENCE SOUTH 83 DEGREES 20 MINUTES 56 SECONDS WEST ALONG SAID CENTER LINE FOR A DISTANCE OF 396.05 FEET; THENCE NORTH 00 DEGREES 00 MINUTES 33 SECONDS WEST FOR A DISTANCE OF 170.69 FEET TO A POINT WHICH FALLS ON THE SOUTH LINE OF THE NORTHEAST QUARTER OF SECTION 29; THENCE SOUTH 89 DEGREES 01 MINUTES 57 SECONDS WEST ALONG SAID SOUTH LINE FOR A DISTANCE OF 13.13 FEET; THENCE NORTH 00 DEGREES 01 MINUTES 15 SECONDS WEST FOR A DISTANCE OF 2642.08 FEET TO A POINT WHICH FALLS ON THE SOUTH LINE OF THE SOUTHEAST QUARTER OF SECTION 20; THENCE NORTH 00 DEGREES 06 MINUTES 41 SECONDS EAST FOR A DISTANCE OF 2649.22 FEET TO A POINT WHICH FALLS ON THE NORTH LINE OF THE SAID SOUTHEAST QUARTER; THENCE NORTH 88 DEGREES 44 MINUTES 08 SECONDS EAST ALONG SAID NORTH LINE FOR A DISTANCE OF 1757.61 FEET TO THE POINT OF BEGINNING, CONTAINING 218.845 ACRES, MORE OR LESS.

Such property is hereinafter referred to as the "Powell Farm."

2. Defendant Vulcan Lands, Inc.(hereafter Vulcan) is a New Jersey Corporation.

3. Defendant, William J. Peart (hereinafter the "Peart"), is a citizen of Kendall County, Illinois.

4. From 1968 to 2002, Peart's parents (William C. Peart and Nora Peart) owned certain real property (hereinafter the "Peart Property") located in Kendall County Illinois. William C. Peart died prior to Nora Peart, and, upon Nora's death, the Peart Property was left to, and became the property of, Peart. Peart owned the Peart Property from 2002 to February 2006.

5. In or about February 2006, Peart conveyed the Peart Property to Peter Greco, who, in turn, conveyed the Peart Property to Vulcan. The legal description of the property that was conveyed is as follows:

Parcel One:

> THE NORTHWEST 1/4 OF SECTION 28, TOWNSHIP 35 NORTH, RANGE 7, EAST OF THE THIRD PRINCIPAL MERIDIAN, LISBON TOWNSHIP, (EXCEPT THE FOLLOWING: THE SOUTH 26 RODS OF THE WET 6 RODS THEREOF; THE EASTERLY 82.5 FEET THEREOF), SITUATED IN KENDALL COUNTY, ILLINOIS.

Parcel two:

> THE SOUTH ½ OF THE SOUTHWEST 1/4 OF SECTION 21, TOWNSHIP 35 NORTH, RANGE 7, EAST OF THE THIRD PRINCIPAL MERIDIAN, EXCEPT THE EASTERLY 82.5 FEET AND EXCEPT THE NORTH 264 FEET FO THE WESTERLY 171 FEET FO THE EAST 253.5 FEET THEREOF; IN THE TOWNSHIP OF LISBON, KENDALL COUNTY, ILLINOIS.

6. Portions of the Powell Farm lie on both sides of Joliet Road.

7. The Peart Property abuts the Powell Farm along the north line of the southwest quarter of Section 28 of Lisbon Township, Kendall County, Illinois, for a distance of 264 feet, such distance commencing 99 feet east of the northwest corner of the southwest quarter of Section 28 and continuing east for a distance of 264 feet.

8. Plaintiff became aware that Vulcan was attempting to assert rights to plaintiff's property from a line north of Joliet Road to the north line of the southwest quarter of section 28 (which is also the south line of the northwest quarter of Section 28) of Lisbon Township (hereinafter referred to as the "Subject Property"), when plaintiff was apprised that Vulcan had filed a lawsuit (hereinafter "the federal lawsuit") against a prior owner of plaintiff's property, Chicago Title and Trust, as Trustee under Trust No. 1097435.

9. Chicago Title and Trust, as Trustee under Trust No. 1097435, conveyed the Powell Farm to plaintiff on or about September 29, 1993, through three separate conveyances, which conveyances were recorded with the Kendall County recorder of deeds as documents numbered 9311043; 9311044; and 9311144.

10. In the federal lawsuit, Vulcan alleged that it has an interest in the Subject Property as a result of adverse possession. Specifically:

a. the federal law suit alleges that Peart paid property taxes on the Subject Property between 1968 and 2006;

b. the federal lawsuit alleges that since 1968 Vulcan and Peart maintained continuous possession to the Subject Property.

c. the federal lawsuit alleges that, between 1968 and 2006, Peart possessed the Subject Property in a manner so that the community could be apprised of Peart's possession and exclusive use and enjoyment of the property.

11. Prior to the conveyance of the Peart Property from Peart to Greco and then Greco to Vulcan, Vulcan had a survey of the Peart Property prepared which showed that the south line of the northwest quarter of Section 28 of Lisbon Township, Kendall County, Illinois, i.e. the line that marked the southern boundary of the Peart Property, was north of the center of Joliet Road by more than 30 feet. It was thus evident to Vulcan at the time that Peart Property was conveyed to Vulcan that the conveyance did not include the Subject Property.

12. The federal lawsuit does not allege, and Plaintiff is unaware of, any instrument that purports to convey the Subject Property between Joliet Road and the south line of the northwest quarter of Section 28 of Lisbon Township to Vulcan. Thus, if any person or entity has a

purported claim to the Subject Property as a result of adverse possession it would appear to be

Pearl.

WHEREFORE Plaintiff requests that this Court enter judgment quieting title and

declaring that plaintiff, Chicago Title and Trust, as Trustee under Trust No. 1099147 is the sole

rightful owner of the property lying between the north edge of Joliet Road and the north line of

the southwest quarter of Section 28 of Lisbon Township, Kendall County, Illinois for a distance

of 264 feet, such distance commencing 99 feet east of the northwest corner of the southwest

quarter of section 28 and continuing east for a distance of 264 feet.

CHICAGO TITLE AND TRUST,

By: _____
One of Its Attorneys

James A. Murphy
Atty. No. 06195324
MAHONEY, SILVERMAN & CROSS, LTD.
822 Infantry Drive, Suite 100
Joliet, IL 60435
(815) 730-9500

Paul Root
Of Counsel to
MAHONEY, SILVERMAN & CROSS, LTD.
822 Infantry Drive, Suite 100
Joliet, IL 60435
(815) 730-9500