IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
KENDALL COUNTY, ILLINOIS

| | |
|---|---|
| Chicago Title and Trust, as Trustee Under Trust No. 1096552 and Chicago Title and Trust, as Trustee Under Trust No. 1099147,<br><br>        Plaintiffs,<br>vs.<br><br>Vulcan Lands, Inc., a New Jersey Corporation, and William J. Peart,<br><br>        Defendants. | FILED<br>JAN 2 8 2008<br><br>Case No.    2007 CH 0625 |

### DEFENDANTS VULCAN LANDS, INC. AND WILLIAM J. PEART'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO 735 ILCS 5/2-619(A)(3)

    NOW COME Defendants, VULCAN LANDS, INC. and WILLIAM J. PEART, by and through their attorneys, Bruce L. Goldsmith and Kimberly D. Fahrbach of DYKEMA GOSSETT PLLC, and move this Honorable Court for an order dismissing Plaintiff's complaint pursuant to 735 ILCS 5/2-619(a)(3). In support, these Defendants state:

    1.    On November 5, 2007, Defendant Vulcan Lands, Inc. (hereinafter "Vulcan") filed a complaint for declaratory relief in the United States District Court for the Northern District of Illinois, Eastern Division.

    2.    In its federal complaint Vulcan claims that it is the true owner of a specific piece of land that has mistakenly been included in the legal description of other deeds. Vulcan seeks an order from the federal court declaring Vulcan to be the rightful owner.

    3.    On November 28, 2007, Plaintiff filed the instant state action to "quite [sic] title." In this state lawsuit, Plaintiff claims that it is the legal owner of the same defined piece of land.

    4.    Vulcan now moves to dismiss Plaintiff's lawsuit under 735 ILCS 5/2-619(a)(3).



5. Section 2-619(a)(3) allows a court to dismiss an action when there is another action pending "between the same parties for the same cause." 735 ILCS 5/2-619(a)(3).

6. In this case, both of these requirements are satisfied. In addition, other considerations, such as comity, the prevention of multiplicity, and the likelihood of resolving this matter in the federal proceeding, weigh in favor of dismissing this action.

7. Defendants have filed a memorandum of law in support of their motion.

WHEREFORE, for the foregoing reasons and the reasons enunciated in Defendants' memorandum of law supporting their motion, Defendants respectfully request this Court dismiss Plaintiff's complaint.

Bruce L. Goldsmith, ARDC No. 0996939
Kimberly D. Fahrbach, ARDC No. 6237042
Dykema Gossett PLLC
4200 Commerce Court, Suite 300
Lisle, Illinois 60532
(630) 245-0400

Respectfully submitted,
**Dykema Gossett PLLC**

By: _/s/_

One of the Attorneys for Defendants

IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
KENDALL COUNTY, ILLINOIS

| | | |
|---|---|---|
| Chicago Title and Trust, as Trustee Under Trust No. 1096552 and Chicago Title and Trust, as Trustee Under Trust No. 1099147, | | |
| Plaintiffs, | Case No. | 2007 CH 0625 |
| vs. | | |
| Vulcan Lands, Inc., a New Jersey Corporation, and William J. Peart, | | |
| Defendants. | | |

FILED
JAN 28 2008

### DEFENDANTS VULCAN LANDS, INC. AND WILLIAM J. PEART'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO 735 ILCS 5/2-619(A)(3)

On November 5, 2007, Defendant Vulcan Lands, Inc. (hereinafter "Vulcan") filed a complaint for declaratory relief in the United States District Court for the Northern District of Illinois, Eastern Division. (See Ex. A, Federal Compl.) In its federal complaint, Vulcan claims that it is the true owner of a specific piece of land (the "Subject Property") that has mistakenly been included in the legal description of deeds conveying land into the Plaintiff trusts. (See id.) Vulcan seeks an order from the federal court declaring Vulcan to be the rightful owner of the Subject Property. On November 28, 2007, Plaintiffs filed the instant state action to "quite [sic] title." In this state lawsuit, Plaintiffs claim that they are the legal owners of the Subject Property. Plaintiffs' state lawsuit recognizes Vulcan's federal action, but Plaintiffs nonetheless request that this Court resolve the ownership issue of the Subject Property. (See Ex. B, Pl.'s Compl.)

Defendants have now moved to dismiss Plaintiffs' lawsuit. Specifically, Illinois law allows state courts to dismiss actions when there is already another action pending between the same parties for the same cause. As these two requirements are satisfied here, Defendants' motion should be granted.

1

LISLE\104449.3
ID\KDF

## STATEMENT OF FACTS[1]

Plaintiffs are two land trusts for which Chicago Title and Trust is trustee.[2] Plaintiffs allege that they own certain real property in Kendall County, Illinois, the legal description of which is contained in paragraph 1 of Plaintiffs' complaint. (See Pl.'s Compl. ¶ 1.) Between 1968 and 2006 Defendant William Peart and/or other Peart family members also owned real property in Kendall County (the description of which is in Plaintiffs' complaint). (Id. ¶ 4-5.) The Peart property abuts Plaintiffs' property along the north line of the southwest quarter of section 28. (Id. ¶ 7.) Based on the legal descriptions and Plaintiffs' allegations, a piece of Plaintiffs' property lies north of Joliet Road, and Joliet Road runs through the northern portion of Plaintiffs' property. (Id. ¶ 6.)

In 2006 Peart conveyed his property to Peter Greco, who in turn conveyed the property to Vulcan. (Id. ¶ 5.) In November 2007, Vulcan filed a federal lawsuit seeking title to a portion of land that it alleges has mistakenly been included in the legal description of Plaintiffs' property. (Id. ¶¶ 8-10.) Specifically, Vulcan alleges in it federal lawsuit that it owns the Subject Property under the legal theories of adverse possession and mutual mistake. (Id.; see also Ex. A.) After learning of Vulcan's lawsuit, Plaintiffs filed the instant action seeking to have this Court declare Plaintiffs as the rightful owners of the Subject Property. (See Pl.'s Compl. p. 5.)

## ARGUMENT

Section 2-619(a)(3) of the Illinois Code of Civil Procedure allows a court to dismiss an action if "there is another action pending between the same parties for the same cause." 735 ILCS 5/2-619(a)(3). Application of §2-619(a)(3) encourages the "elimination of repetitious suits

---

[1] The statement of facts is taken from Plaintiffs' complaint and taken as true solely for the purposes of Defendants' motion to dismiss.

[2] The actual trust number named in both suits differs, and Vulcan's investigation thus far has revealed that, in addition to the trust named in its federal lawsuit, it may need to add the trust identified in this lawsuit, as it appears several trusts own pieces of the Subject Property. In that respect, Plaintiffs here have failed to include all of

2

and the relief of courts and litigants alike from the unnecessary burden of trying the same issues pending in another action." Skolnick v. Martin, 32 Ill. 2d 55, 59, 203 N.E.2d 428, 429 (1964). A court may dismiss an action pursuant to this section, regardless of the jurisdiction in which the other action was pending. Id.

Case law is replete with situations where Illinois courts have dismissed actions on the basis that a federal action was already pending that involved the same parties and same issues. See, e.g., People ex rel. Dept. of Public Aid v. Santos, 92 Ill. 2d 120, 440 N.E.2d 876 (Ill. 1982); Village of Mapleton v. Cathy's Tap, Inc., 313 Ill. App. 3d 264, 729 N.E.2d 854 (3d Dist. 2000); Kapoor v. Fujisawa Pharmaceutical Co., 298 Ill. App. 3d 780, 788-89, 699 N.E.2d 1095 (1998); Katherine M. v. Ryder, 254 Ill. App. 3d 479, 487, 627 N.E.2d 42, 48 (1st Dist. 1993); West Bend Mutual Ins. Co. v. Salemi, 158 Ill. App. 3d 241, 251, 511 N.E.2d 785, 791 (1987); F&F Laboratories, Inc. v. Chocolate Spraying Co., 6 Ill. App. 2d 299, 127 N.E.2d 682 (1955). The reasoning the courts employed in these cases is equally applicable here. Plaintiffs' state lawsuit mirrors Vulcan's federal lawsuit in that Plaintiffs here ask this Court to determine ownership of the Subject Property, which is exactly what Vulcan's federal lawsuit requests. Therefore, since Vulcan filed its federal case first, this Court should dismiss Plaintiffs' complaint.

## I.    THIS CASE INVOLVES THE SAME PARTIES AS THE FEDERAL CASE

There can be no dispute that this case involves the same parties as the federal case. In federal court, Vulcan sued a Chicago Title and Trust land trust and known and unknown beneficiaries of that trust. In this case, Plaintiffs are two Chicago Title and Trust land trusts and they have sued Vulcan regarding the identical land, the Subject Property. The only difference between the two suits is that Plaintiffs here have included William J. Peart as a Defendant. The addition of Peart to this lawsuit, however, does not render the parties different for purposes of

---

the trusts that contain reference to land that may be part of the Subject Property.

3

§ 2-619(a)(3). See Philips Electronics, N.V. v. New Hampshire Ins. Co., 295 Ill. App. 3d 895, 905, 692 N.E.2d 1268, 1276 (1st Dist. 1998).

First, Peart is not a necessary party to this action. Plaintiffs' reason for including Peart as a Defendant is unclear from Plaintiffs' complaint. Plaintiffs admits that Peart conveyed his property to Peter Greco, who subsequently conveyed it to Vulcan. (Pl.'s Compl. ¶ 5.) Consequently, Plaintiffs appear to recognize that Peart has no current ownership interest in the property for which Plaintiffs brings this action to quiet title. Defendant Peart has filed a separate motion to dismiss with this Court on this basis.

Plaintiffs' allegation in paragraph 12 of their complaint that Peart may have an action for adverse possession due to his previous possession and ownership interest in Vulcan's property is erroneous. Illinois law on adverse possession allows possession by successive possessors to be "tacked" to establish continuous possession in excess of the 20-year statutory period. See 735 ILCS 5/13-101; Hermes v. Fischer, 226 Ill. App. 3d 820, 826, 589 N.E.2d 1005, 1009-10 (4th Dist. 1992). Peart's ownership falls within the 20-year statutory period, and for that reason his possession and use of the Subject Property are relevant to Vulcan's claim to ownership or adverse possession. Peart himself has made no legal claim to the Subject Property. Moreover, Plaintiffs' complaint acknowledges that Vulcan owns the "Peart Property." (See Pl.'s Compl. ¶ 5.) Based on these facts, the most that can be said about Peart is that he had a previous ownership interest in the Subject Property. Peart's status as a previous property owner and possessor of land does not make him a legitimate party, much less a necessary party, to this litigation.

Should Peart remain in this case, however, his inclusion does not affect Defendants' § 2-619(a)(3) motion. Illinois law is clear that the "same parties" element "does not mean that the parties to both litigations must be identical." See, e.g., Schnitzer v. O'Connor, 274 Ill. App. 3d 314, 318 653 N.E.2d 825, 833 (1995); Katherine M., 254 Ill. App. 3d at 487, 627 N.E.2d at 48

4

(absence of one party is not, in and of itself, enough to dissuade Illinois courts from a finding of same parties). For example, in West Bend, a co-insured plaintiff brought suit in federal court against an insurance company, after which the company brought suit against both insureds in state court. West Bend, 158 Ill. App. 3d at 251, 511 N.E.2d at 791. The state court held that the parties were the same, despite the fact that one of the co-insureds was not a party to the federal suit. Id. Similarly, in Kapoor v. Fujisawa Pharmaceutical Co., 298 Ill. App. 3d 780, 788-89, 699 N.E.2d 1095 (1998), the plaintiffs filed suit in state court against two corporations and certain individuals, while the corporations had a prior suit pending against him in federal court. The court held that the parties were the same, even though the individual defendants were not parties in the federal action. Id.

In holding that the "same parties" requirement was satisfied despite the different number or name of the litigants, these courts reiterated the long-standing rule that the inquiry is into whether the litigants' interests are sufficiently similar, not whether the name or number of parties is the same. See, e.g., Hapag-Lloyd (America) Inc. v. Home Ins. Co., 312 Ill. App. 3d 1087, 1092, 729 N.E.2d 36, 40 (1st Dist. 2000); Katherine M. v. Ryder, 254 Ill. App. 3d 479, 487, 627 N.E.2d 42, 48 (1st Dist. 1993). In this case, Vulcan's and Peart's interests are sufficiently similar.

Plaintiffs acknowledge that Vulcan owns property that was previously owned by Peart. (See Pl.'s Compl. ¶¶ 4-5.) Privity is said to exist between parties who adequately represent the same interests. See Schnitzer, 274 Ill. App. 3d at 326, 653 N.E.2d at 833. There is nothing in Plaintiffs' complaint that alleges Peart's interests are anything but aligned with Vulcan's interests. Peart has not made a legal claim to the Subject Property, and it is undisputed that he sold his ownership interest. Under these circumstances, Peart's and Vulcan's interests are considered "identical" for purposes of the "same parties" element. See, e.g., Catalano v. Aetna Casualty & Surety Co., 105 Ill. App. 3d 195, 434 N.E.2d 31 (2d Dist. 1982).

5

In Catalano, a homeowner filed a complaint in Cook County against her insurance company under her homeowner's insurance policy seeking equitable relief and a monetary award for damages to her personal property arising out of an automobile theft. Catalano, 105 Ill. App. 3d at 196, 434 N.E.2d at 33. Approximately four months later, the homeowner's husband filed a complaint in Du Page County against the same insurance company that included a claim for money damages related to the automobile theft, but also alleged conspiracy between the insurance company and another defendant. Id. The trial court granted the defendant insurance company's motion to dismiss the Du Page County suit on the basis that there was another action pending between the same parties for the same cause, and the husband homeowner appealed. Id.

The appellate court affirmed. In rejecting the husband homeowner's argument that he and his wife were not the same parties, the court explained that the husband "alleges an interest in the same property and recovery under the same insurance contract as that alleged in the wife's suit." Id. Consequently, since the same property rights were at issue, the husband was in privity with his wife's suit, and there was "substantial identity" of the parties under the statute. Id.

Vulcan and Peart are in privity with each other for the same reason explained in Catalono: both have held, at different times, the same property interest. When Peart was the owner of the property, he believed his property included the Subject Property that is the subject of this lawsuit. In fact, Plaintiffs' lawsuit references Vulcan's federal lawsuit's allegations that when Peart was the owner, he maintained continuous possession of the Subject Property and paid all taxes on the Subject Property, regardless of whether it was included in the legal description. (See Pl.'s Compl. ¶ 10.) When Vulcan purchased the Peart Property, it too believed that it was buying the Subject Property. As a result, Vulcan has possessed the Subject Property, regardless of the legal descriptions contained in the deeds of conveyance to the Plaintiff trusts. Based on these facts, both Peart and Vulcan have exercised the same interest in the Subject Property. Both

6

contend that they were (Peart) or are (Vulcan) the true owners of the Subject Property, and as such can be considered having "sufficiently similar interests" for the purposes of § 2-619(a)(3).

## II. THIS CASE INVOLVES THE SAME CAUSE OF ACTION AND SUBJECT MATTER AS THE FEDERAL LAWSUIT

The "same cause" element for Vulcan's §2-619(a)(3) motion is also satisfied. Two actions are for the same cause where relief is requested on substantially the same underlying facts or issues. Perimeter Exhibits, Ltd. v. Glenbard Molded Binder, Inc., 122 Ill. App. 3d 504, 509, 461 N.E.2d 44 (1984). The crucial inquiry is whether the two actions arise out of the same transaction or occurrence. Skolnick, 32 Ill. 2d at 57, 203 N.E.2d at 429. This element does not require the "same cause of action," just the "same cause." Illinois Central Gulf R.R. v. Goad, 168 Ill. App. 3d 541, 543, 522 N.E.2d 845 (1988). In that respect, the purpose of the two actions need not be identical; there need only be a substantial similarity of issues between them. People ex rel. Phillips Petroleum Co. v. Gitchoff, 65 Ill. 2d 249, 357 N.E.2d 534 (Ill. 1976).

Here, it is apparent from Plaintiffs' complaint that Plaintiffs are claiming title to the same piece of land, the Subject Property, that forms the basis for Vulcan's federal action. In fact, Plaintiffs' complaint alleges that Plaintiffs became aware of Vulcan's assertion of its ownership rights to the Subject Property through Vulcan's federal action. (See Pl.'s Compl. ¶ 8.) Plaintiffs' state court complaint also references Vulcan's federal court complaint and the allegations contained therein. (See id. ¶¶ 10-12.) Finally, a review of both complaints reveals that at the heart of both causes of action is the ownership of the Subject Property. Vulcan has alleged that it owns the Subject Property under the theories of mutual mistake and adverse possession, while Plaintiffs claim that they are the owners of the Subject Property based on the legal descriptions contained in their deeds. As both suits make use of the same set of operative allegations, the two actions cannot fairly be deemed anything but the "same cause." See Cummings v. Iron Hustler Corp., 118 Ill. App. 3d 327, 332, 454 N.E.2d 1078, 1082 (3d Dist.

7

1983); West Bend, 158 Ill. App. 3d at 252, 511 N.E.2d at 791. Therefore, the second element of § 2-619(a)(3) is satisfied.

### III. OTHER CONSIDERATIONS WARRANT DISMISSAL OF PLAINTIFFS' LAWSUIT GIVEN VULCAN'S FEDERAL ACTION

In addition to determining whether the "same parties" and "same cause" elements are satisfied, a court should consider the following factors when determining whether a state action should be dismissed under § 2-619(a)(3): (1) comity; (2) the prevention of multiplicity, vexation, and harassment; (3) the likelihood of obtaining complete relief in a foreign jurisdiction; and (4) the *res judicata* effect of a foreign judgment in the local forum. See Kellerman v. MCI Telecommunications Corp., 112 Ill. 2d 428, 447-48, 493 N.E.2d 1045, 1053-54 (Ill. 1986). In this case, each of these factors weighs in favor of allowing the federal case to proceed first.

First, Vulcan filed the federal action first, and there is no basis to conclude that the federal court has any less expertise than this Court to resolve the parties' issues. Indeed, while the names of the claims in the two actions are different, the legal issue is the same: the ownership of the Subject Property. There is no reason for this Court to pursue resolution of the same issue that is already pending in federal court. See, e.g., Katherine M., 254 Ill. App. 3d at 487-88 (reversing trial court's ruling that state action should not be dismissed in light of the pending federal action); Sweeney v. Citicorp Person-to-Person Financial Center, Inc., 137 Ill. App. 3d 1023, 485 N.E.2d 423 (1st Dist. 1985) (affirming trial court's dismissal based on earlier filed federal action where plaintiffs could have brought his claims in the federal proceeding).

Second, proceeding on the state action will allow multiple litigation of the same issue in two different courts and place an unnecessary judicial burden on this Court. Indeed, there is no basis for Plaintiffs' filing this action, given that they have the ability to raise the same arguments they make here in their defense to Vulcan's claims in federal court. Plaintiffs' motives in filing this lawsuit, considering that Vulcan already filed a lawsuit seeking a court declaration as to the

ownership of the Subject Property, must be evaluated in light of these circumstances. Simply put, there is absolutely nothing that precludes Plaintiffs from asserting ownership of the Subject Property in federal court, and should Plaintiffs defeat Vulcan's ownership claims in that forum, the issue of ownership will be settled, giving this Court nothing more to do. Plaintiffs should not be allowed to bring a duplicative action, and this Court should not be burdened with hearing this action, given that it is already being litigated in federal court.

With regard to the third and fourth elements, as discussed supra, the federal and state court actions involve the same issues, so that resolution of the question of ownership in one of the courts will bring a complete resolution to both actions. In fact, that Plaintiffs will be bound by the federal court's judgment as to the true ownership of the Subject Property distinguishes this case from others where courts have declined to dismiss a state court action when a federal case was pending. See Hapag-Lloyd, 312 Ill. App. 3d at 1097, 729 N.E.2d at 44.

In conclusion, in determining whether dismissal is warranted, a trial court "should seek to effectuate the purpose of the statute of avoiding duplicative litigation." Catalano, 105 Ill. App. 3d at 198, 434 N.E.2d at 34. In this case, Vulcan filed its federal action first, and the outcome of the federal action should be dispositive of this lawsuit. Therefore, Vulcan's § 2-619(a)(3) motion should be granted. See Santos, 92 Ill. 2d at 130-31, 440 N.E.2d at 881; Village of Mapleton, 313 Ill. App. 3d at 268-69, 729 N.E.2d at 858 (appellate court reversed the trial court's decision denying a stay, even though state lawsuit was filed only four months after federal case).

### IV. ALTERNATIVELY, THIS COURT SHOULD STAY THE STATE ACTION UNTIL THE FEDERAL ACTION IS RESOLVED

Having satisfied the elements for dismissal under § 2-619(a)(3), Vulcan requests that this Court dismiss Plaintiffs' lawsuit outright. If, however, this Court is concerned about whether the federal lawsuit will resolve all of the issues between the parties, Vulcan requests in the

9

alternative that this Court issue an order staying this action until the pending federal action is resolved. See Santos, 92 Ill. 2d at 130, 440 N.E.2d at 881. In Santos, the Illinois Supreme Court held that the trial court improperly denied the defendant's motion to dismiss based on simultaneous federal proceedings. Id. The court explained that the trial court could have chosen to stay the state court action until the federal action was resolved and at that point "speedily handle" any remaining issues between the parties if necessary. Id.

Similarly, in this case this Court can stay Plaintiffs' action until Vulcan's federal proceeding has concluded. Given that the Plaintiffs in both actions seek a declaration of ownership of the Subject Property, it is doubtful that any issues will be outstanding. Nonetheless, if the federal court declines to hear the case for some reason, this Court can then revisit Plaintiffs' complaint. See, e.g., Sweeney, 137 Ill. App. 3d at 1026, 485 N.E.2d at 425 (dismissing action, but ruling that if federal court dismissed federal proceeding, the plaintiff would be able to reinstitute his claims in state court).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiffs' complaint pursuant to 735 ILCS 5/2-619(a)(3).

Bruce L. Goldsmith, ARDC No. 0996939
Kimberly D. Fahrbach, ARDC No. 6237042
Dykema Gossett PLLC
4200 Commerce Court, Suite 300
Lisle, Illinois 60532
(630) 245-0400

Respectfully submitted,
**Dykema Gossett PLLC**

By: _____
One of the Attorneys for Defendants