IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| VULCAN LANDS, INC., a<br>New Jersey Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>CHICAGO TITLE AND TRUST CO., as t/u/t/a<br>1097435 dated April 14, 1992, JOHN SHAW,<br>and UNKNOWN OWNERS AND<br>BENEFICIARIES,<br><br>    Defendants. | Case No.:     07 CV 6263<br><br>Hon. Judge David H. Coar<br><br>Hon. Magistrate Judge Jeffrey Cole |

**PLAINTIFF VULCAN LANDS, INC'S MOTION FOR CLARIFICATION OF
THE COURT'S FEBRUARY 19, 2008, ORDER IN RESPONSE TO VULCAN'S
MOTION TO AMEND/CORRECT AND TO LIFT ANY STAY ENTERED**

NOW COMES Plaintiff, VULCAN LANDS, INC. (hereinafter "Vulcan"), by and through its attorneys, Bruce Goldsmith and Kimberly D. Fahrbach of DYKEMA GOSSETT, PLLC, and for its motion for clarification and to lift any stay entered states:

1.      Vulcan filed its initial complaint in this Court on November 5, 2007. (Dkt. # 1.) Vulcan's complaint alleged that it owned a certain piece of property through adverse possession and mutual mistake.

2.      On November 28, 2007, Defendant John Shaw filed an action in Kendall County, Illinois, which alleged that he owned the same piece of property that is at issue in Vulcan's federal complaint.

3.      There is no dispute between the parties that the federal and state lawsuits concern the same issue or that Vulcan filed its federal complaint first.

4.      On January 2, 2008, Shaw filed a motion to dismiss Vulcan's federal complaint for lack of jurisdiction. In the alternative, Shaw requested this Court abstain due to the state court case Shaw subsequently filed in Kendall County, Illinois. (See Def.'s Mtn. to Dismiss, Dkt. ## 15, 16.)

1

5.     On February 7, 2008, Vulcan filed a motion to amend/correct the record by substituting the number of the trust it sued in this action. (Dkt. ## 23, 24.)

6.     On February 14, 2008, Vulcan presented its motion to dismiss in Kendall County. The Kendall County Court entered an order continuing the case for six months so that this Court could determine whether it would be asserting jurisdiction over the parties. (See Ex. A, 2/14/08 state court order.)

7.     On February 19, 2008, Vulcan was set to present its motion to amend/correct its complaint.. This Court did not rule on Vulcan's motion to amend/correct the complaint. Instead, this Court entered an order staying the case pending resolution of the Motion to Dismiss. (See Ex. B, 2/19/08 transcript; Ex. C, 2/26/08 Min. Ord. Entry, No. 26.)

8.     Shaw's attorneys have since represented to the Kendall County Court that this Court has stayed this case pending the state court's ruling on Vulcan's motion to dismiss in the state proceeding. (See Ex. D, Shaw's 2/25/08 State Ct. Mtn.)

9.     Counsel for Vulcan understood this Court's February 19, 2008, order as staying this case, including discovery and a ruling on Vulcan's Motion to Amend/Correct the Record until this Court resolved Shaw's pending motion to dismiss before this Court. The issue of a stay had not been briefed, and Vulcan objects to any stay or deference to the state court on this issue. As Vulcan indicated in its response to Plaintiff's motion to dismiss its federal complaint, Vulcan filed this federal complaint first, the jurisdictional requirements have been satisfied, and therefore Vulcan has the right to have its case heard in this forum.

10.    Further, on February 21, 2008, two days after this Court's order, Shaw filed its reply brief in support of its Motion to Dismiss. If Shaw believed a stay had been issued in this forum, there would have been no reason to file the reply brief.

11.    Indeed, even the state court recognized that Vulcan filed its federal complaint first and issued an order continuing the state court case for six months pending this Court's ruling on the federal court motion to dismiss. The state court's order continuing the case for six months rather than entering a briefing schedule or scheduling a hearing in the state case indicates that the state court will consider this Court's exercise of jurisdiction in ruling on the motions filed in state court.

12.    Therefore, Vulcan respectfully requests that this Court clarify its February 19, 2008, order, and to the extent this Court entered an order staying this case until the state court

2

has issued a ruling on the motions to dismiss pending in state court, Vulcan requests this Court lift that stay so that the jurisdictional and abstention issues can be resolved in this Court.

WHEREFORE, for the foregoing reasons, Plaintiff VULCAN LANDS, INC., respectfully requests this Court grant its motion for clarification and to lift any stay that has been entered.

Respectfully submitted,
**Dykema Gossett PLLC**

By: /s/Kimberly D. Fahrbach (ARDC No. 6237042)
One of the Attorneys for Plaintiff

Bruce L. Goldsmith, ARDC No. 0996939
Kimberly D. Fahrbach, ARDC No. 6237042
Dykema Gossett PLLC
4200 Commerce Court, Suite 300
Lisle, Illinois 60532
(630) 245-0400

LISLE\105302.1
ID\KDF

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2008, I electronically filed the foregoing Plaintiff Vulcan Lands, Inc.'s Motion For Clarification Of The Court's February 19, 2008, Order In Response To Vulcan's Motion To Amend/Correct And To Lift Any Stay Entered with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

James A. Murphy
Paul Root (of Counsel)
Mahoney, Silverman & Cross, Ltd.
822 Infantry Dr., Ste. 100
Joliet, Illinois 60435

s/ Kimberly D. Fahrbach (ARDC No. 6237042)

Kimberly D. Fahrbach

LISLE\105302.1
ID\KDF